[No. 9923. Department Two.—March 20, 1888.]

GEORGE GERLACH, APPELLANT, *v.* LINESS A. TERRY, ADMINISTRATOR, ETC., OF MARY J. TURNER, DECEASED, RESPONDENT.

ACTION FOR SERVICES — EVIDENCE — GENERAL ISSUE. — In an action against the estate of a deceased woman to recover for services alleged to have been performed at her special instance and request, evidence is admissible under the general issue, that at the time of the rendition of the services the deceased was living with a man who was her reputed husband, and that the services were rendered at his request.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. P. Needles,* for Appellant.

The whole defense, being the coverture of deceased with one Turner, and therefore that he, as her husband, was liable for necessaries furnished her, was new matter, and should have been specially pleaded. The admission of evidence of the coverture was therefore error. (Pomeroy on Remedies, sec. 711; Boone on Code Pleading, secs. 66, 67; Platt on Property Rights of Married Women, secs. 35, 36; *Kelly* v. *Murphy,* 70 Cal. 560; 1 Chitty's Pleading, 514, 515, 556.)

*Stetson & Houghton,* for Respondent.

FOOTE, C.—Plaintiff instituted this action to recover a sum of money for services as a physician, performed, as he alleged, at the special instance and request of the defendant's decedent. The court below gave judgment in favor of the defendant, and from that, and an order refusing a new trial, the plaintiff has appealed.

There seems to have been no conflict as to any of the allegations of the complaint, except as to whether or not the services had been rendered at the request of the decedent, and on her employment of the physician.

The complaint alleged that the physician had performed the services at the special instance and request of the reputed Mrs. Turner, and the answer denied that such was the case.

It is claimed that all the evidence which tended to show the marital relations between the decedent and J. W. Turner, which the court below allowed to be introduced on the trial, was not admissible, because the answer did not set up as a special defense the coverture of the decedent.

"Anything which rebuts the idea of a contract, express or implied, is proper evidence," where an action is brought for services rendered on a contract to pay for

them, either express or implied. (*Anguelo* v. *Sunol*, 14 Cal. 403.)

According to the evidence in this cause, Turner had lived for many years with the decedent, openly claiming her as his wife, and the marriage ceremony had been performed between them, both, at that time, being in ignorance of the fact that Turner was not divorced from a former wife.

It was also in evidence that when the decedent was taken sick, in her last illness, her reputed husband, Turner, employed Dr. Gerlach, and that Dr. Gerlach afterward, while attending her, stated that he looked to him for payment, and not to the decedent.

As it appears to us, the evidence introduced as to the marriage of the parties was not introduced for the purpose of showing that Turner was responsible for medical services performed for his wife, as such, and under coverture, but that it was introduced for the purpose of showing the relations actually existing between the parties, which, taken in connection with the other evidence in the case, tended to show the probability of the defense set up; viz., that the decedent did not employ the plaintiff, but that the person who, in all respects, had in good faith for many years assumed towards her the relation of a husband, and towards whom she, in the same way, had held the relations of a wife, had made the contract of employment.

This certainly went to rebut the allegation that she had employed Dr. Gerlach, and requested the services which he rendered, viz., had made a contract for them, as was alleged in the complaint.

The findings seem to us responsive to the issues made by the pleadings, and are supported by the evidence.

We perceive no prejudicial error in the record, and the judgment and order should be affirmed.

BELCHER, C. C., concurred.

HAYNE, C., concurring.—I concur on the ground that while the valuable services received by the deceased constituted sufficient consideration to support the subsequent promise to pay which I think the evidence shows was made, yet the terms of such promise seem to me to bring it within the statute of frauds, as being a promise to pay the debt of another.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.