[No. 19184.    Department One. — November 25, 1893.]

## In the Matter of the Estate of LUCY WERINGER, Deceased.

Estates of Decedents—Duty of Husband to Pay Expenses of Last Illness of Wife—Account of Wife's Administrator.—It is the duty of a husband to pay the expenses incurred for medical services for his wife during her last illness, if he is able to do so, and the allowance of such expenses against her estate in the account of her administrator is improper.

Id.—Funeral Expenses—Monument Over Wife's Grave.—It is the duty of a husband to bury his deceased wife in a decent manner and defray the necessary funeral expenses, and place some mark of identification over her grave; yet if the husband be poor, and the deceased leaves a considerable estate, it is proper for the court to fix a reasonable amount to be allowed out of her estate toward funeral expenses and a suitable monument. The amount allowed therefor should be governed by the

custom of people of like rank and condition in society, a distinction be-
ing made between solvent and insolvent estates.

Id.—Family Allowance—Voucher—Presumption Upon Appeal.—An
item in the account of an administrator for payment of a family allow-
ance in one sum cannot be disturbed upon appeal merely from the
absence of a voucher, which may be owing to an order of court, author-
izing payment of the amounts named, in which case no voucher is re-
quired. Error must be shown, and cannot be presumed.

APPEAL from an order of the Superior Court of Kern County settling an administrator's annual account.

The facts are stated in the opinion of the court.

*Mahon & Laird*, for Appellants.

*B. Brundage*, for Respondent.

PATERSON, J.—This is an appeal from a decree settling an annual account of the administrator.

Among the items allowed were the following: "Dr. Cook, medical services last illness, $45.50; Dr. Fergusson, same, $10.50; Dr. Rogers, same, $50; Blodget & Dudley, drugs, $18.35; Mary Dougherty, nurse last illness, $25." We think the objections to these items were properly taken by the contestant, and that they were improperly allowed. (Civil Code, sec. 174; *Gerlach* v. *Terry*, 75 Cal. 290.) The administrator testified as follows: "Before and at the time that my said wife, Lucy Weringer, died, I was engaged in business in Bakersfield, and was handling large sums of money. I also owned considerable valuable real estate and personal property. I called in the doctors to attend to my wife during her last illness. The nurse, Mary Dougherty, I hired to wait upon and care for my wife during her last illness."

At common law the husband was bound to bury his deceased wife in a suitable manner, and was bound to defray the necessary funeral expenses. Although the rule is not universal in this country, it prevails in most of the states. (Schouler's Domestic Relations, sec. 199.) The duty is one which is involved in the obligation of the husband to maintain the wife while living. He has the control of the body of his deceased wife, and must

care for the same, and may select a proper place for the interment, regardless of the wishes of her parents or other relatives. (*Staple's Appeal*, 52 Conn. 426; *Smyley* v. *Reese*, 53 Ala. 89; 25 Am. Rep. 598.)

It is claimed by appellants that the court improperly allowed the item of two thousand dollars on account of family allowance, but there is nothing in the record upon which such contention can be sustained. The court may have made an order granting family allowance, which authorized payment by the administrator of the amount named, and that being so, no voucher was required. Error must be shown; it cannot be presumed.

The court allowed an item of six hundred and seventy dollars for "funeral expenses and monument." It does not appear how much of the item was for the monument. Whether or not the administrator ought to have been allowed anything on account of the monument depends upon circumstances. Included in the obligation to give his deceased wife decent burial is the duty of placing some mark of identification over her last resting-place. If the husband be poor, and the deceased leave a considerable estate, the former ought not to be expected to contribute much to a monument, and it would be proper in such a case, we think, for the court to fix a reasonable amount to be allowed for that purpose. The amount allowed for the expenses of the funeral and a monument should be governed by the custom of people of like rank and condition in society; a distinction being made in this respect, however, between solvent and insolvent estates. (2 Woerner's American Law of Administration, sec. 359.)

The order is affirmed as to the family allowance, but is reversed as to the other items, and the cause is remanded, with directions to the court below to hear the parties further, and determine the matter in accordance with the views herein expressed.

HARRISON, J., and GAROUTTE, J., concurred.