In the Matter of Exceptions to Account of IDA H. PENNEWELL, Administratrix of Samuel W. Pennewell, deceased.

*Sussex, Dec. 26, 1918.*

It is a legal fraud for an administratrix to purchase at her own auction sale property of the estate for an amount greatly less than the reasonable value thereof.

One having a claim against an estate is not estopped to object to the account or to surcharge the administratrix by the fact that he was administrator of the estate for seven days, had possession of its assets, and did not protect his interest; assets not having then been converted into money.

A creditor who had been administrator could not be charged with assuming that his successor in office would disregard his rights by paying debts over which he was given statutory priority of payment, by reason of the fact that he had paid some such debts while administrator.

Where a stock of goods was appraised at $2,000 and goods were being retailed thereafter for three weeks, at which time there was a sale, in which the administratrix purchased the property for $500, a surcharge of $1,000 was allowed in favor of distributees, on account of the necessary uncertainty as to the correct amount.

On exceptions to an account by an administratrix, where it appeared that she had improperly bought at her own sale and that distributees were

entitled to have a surcharge, she will not be entitled to further commission for services as administratrix.

Where administratrix is surcharged on her accounting on account of pur: chase by her at her own sale, she is chargeable with costs of exceptions.

STATEMENT OF THE CASE.    George C. Pennewell, a son of the decedent, became administrator of the estate, and on July 26, 1916, filed an inventory of the personal property of the decedent appraised in the aggregate at $2,500.20. Of this sum the largest item was $2,000 for the stock of merchandise and fixtures of the retail store of the decedent. On August 1, 1916, the administrator filed an account charging himself with having collected $77.32, and claiming credit for payments of $46.28, of which latter sum all but two items aggregating $12.30 were for administration expenses; and showing a balance of $31.04 in his hands.

The administrator then resigned, and on on August 1, 1916, his mother, Ida H. Pennewell, became administratrix. On June 4, 1917, she passed an account, called a first account, in which she charged herself with having received $31.04 from the former administrator; also with $579.20, proceeds of sale of property inventoried and appraised at $2,500.20; also with several accounts collected aggregating $8.41; the total being $618.65. The payments for which credit was asked aggregated $679.22. To all of these payments except seven, aggregating $93.69, exceptions were taken, so that the amount affected by the exceptions is $603.53.

From the exceptions it appeared that George C. Pennewell, the first administrator, held at the death of his father, Samuel W. Pennewell, a judgment for $500 and interest, being No. 63 to the June term, 1916, of the Superior Court for Sussex County, which was still unpaid.

The grounds of exceptions were alleged: (1) That the administratrix charged herself with having sold for $538.10 property appraised at $2,500.20; (2) that the administratrix sold the stock of store goods in bulk to herself and her son, William Pennewell, for much less than the real value thereof; and (3) that the administratrix paid certain debts of the decedent of a lower grade than the judgment and left it unpaid. The exceptions were filed by the administrator of George C. Pennewell, the judgment

creditor, who was also a son of Samuel W. Pennewell, the decedent, and as such a distributee of his estate.

The exceptions were heard on the record and oral testimony on December 2, 1918, at the regular term of the Orphans' Court.

At the hearing it was shown by testimony of the appraisers that the appraisement of the store goods and fixtures at $2,000 was a fair valuation thereof at the time when sold, which was about one month after the appraisement; that at the sale they were sold by the auctioneer in bulk to William Pennewell, the son of the administratrix for $500; and that he bid and bought for himself and his mother, no one else bidding, though the attendance was large. From the return of sale by the administratrix, offered in evidence, it appeared that these store goods had been so sold to them. There was no satisfactory evidence that George C. Pennewell had received notice of this sale, or in any way assented to it. It appeared that after the death of Samuel W. Pennewell the store was kept open and sales of the stock were continued by the administratrix until the sale on August 24, 1917.

CURTIS, P. J., sitting.

*James M. Tunnell* and *Daniel J. Layton*, for exceptant.

*Woodburn Martin*, for the administratrix.

CURTIS, P. O. C. (after stating the facts as above). The exceptant claims as the administratrix of a judgment creditor whose debt was unpaid because the assets of the estate were applied to the payment of debts out of order, and also claims that the estate accounted for was not as large as it should have been, because the administratrix and her son bought in bulk for $500 property appraised at $2,000, thereby being guilty of legal fraud, and that the administratrix should therefore be surcharged.

The first account filed respecting the estate, being that of George C. Pennewell, the first administrator (who was also the judgment creditor), need not be considered, for part of the money received by him except perhaps a very small sum, was properly applied, and his successor charged herself with the balance, $31.04.

Though no exceptions were filed to the second account of the present administratrix, still it is fair to consider both of her

accounts. Taking them together it appears that she charged herself, as follows:

By the first account, with . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $618.65
By the second account, with . . . . . . . . . . . . . . . . . . . . . . . . . . . 261.55
    Total. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$880.20

That she properly took credit, even as against the judgment represented by the exceptant, as follows:

Sundry items in first account, not excepted to . . . . . . . . . . . . . . . . .$ 93.69
Other items properly paid, $2.20 and $4.55 . . . . . . . . . . . . . . . . . . . 6.75
All the items in the second account . . . . . . . . . . . . . . . . . . . . . . . 511.35
    Total. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$611.79

These items in the second account were administration expenses, expenses of last sickness, and a judgment debt prior in lien to that of the judgment of the exceptant, or were otherwise entitled to priority thereto. It appears, then, that from the accounts the administratrix applied $268.41 to payments of debts of the decedent which sum should have been applied to the judgment of the exceptant.

The more serious fault of the administratrix, however, was the purchase by her and her son from herself as administratrix for $500 property appraised at $2,000. The salutary rule of conduct which makes it in a legal sense a fraud for a fidiciary to purchase from himself, or at his own sale, property of the estate he represents, is too well settled here and elsewhere to need discussion. In *Eberhardt, et al., v. Christiana W. G. Co., et al., 9 Del. Ch. 284, 81 Atl. 774*, the rule was stated as enforced in Delaware. True, the person injured may by direct or implied acquiescence lose his right to object to the transaction, or he may by some act or word of his own be estopped to object. For the administratrix it is claimed that the judgment creditor had notice of the sale, and so cannot object; but the evidence did not so show. Neither would he, if living have been estopped to object to the sale, or to surcharge the administratrix, by the fact that he was administrator of the estate for seven days, and though he as such had possession of its assets did not protect his interest as a creditor of the decedent. He could from the assets when converted have paid himself his debt. But when he resigned the administration

the property had not been converted. Neither could he be charged with assuming that his successor in office would disregard his rights by paying debts over which he was given statutory priority of payment. So far as the judgment of the exceptant is concerned, the administratrix must be surcharged at least with such amount as will pay the debt, interest and costs of the judgment.

But the exceptant also represents her decedent was the distributee of his father's estate, and so is entitled to have a surcharge to the fair value of the store goods at the day of the sale. Between the time of the appraisement and the sale, a period of about three weeks, the store goods were being sold in retail; but neither the quantity or value of the goods so sold was shown. The testimony given by the appraisers as to the value thereof on the day of sale is not convincing, and is only an estimate not shown to have been based on observation made at or about the day of sale. Considering these facts, and the necessary uncertainty as to the accuracy of any appraisement of such property, and though the amount of the surcharge cannot be arrived at with accuracy, a surcharge of one thousand dollars for the probable value of the store goods and fixtures purchased at $500, making the total price thereof $1,500, for what was appraised at $2,000, seems to be just and fair.

The administratrix of Samuel W. Pennewell will, therefore, be required to pass forthwith another account charging herself with an additional sum of $1,000 as the proceeds of the sale of the store goods and fixtures; from that sum pay the debt, interest and costs of the judgment held by the said Blanche W. Pennewell, administratrix of George C. Pennewell; and account for the balance according to law. In such supplemental account she will not be entitled to a further commission for services as administratrix, because of her faults in settling the estate, and she must pay personally the costs of the exceptions.

An order will be entered in accordance herewith.