[L. A. No. 6162.   Department One.—October 23, 1919.]

In the Matter of the Estate of ADA HAYS MATHEW-SON, Deceased. MARGARET WARD, Appellant, v. J. EVERETT MATHEWSON, Respondent.

[1] ESTATES OF DECEASED PERSONS—FUNERAL EXPENSES OF WIFE—ALLOWANCE TO HUSBAND OUT OF WIFE'S ESTATE.—An allowance to the husband, as administrator of the wife's estate, of an amount for the reasonable funeral expenses of his wife's burial is justified if, when the circumstances of the parties, their mode of living, and the amount of the estates of the wife and husband, respectively, are taken into consideration, it is reasonable to do so.

[2] ID.—INVENTORY—FAILURE TO VERIFY—LACK OF PREJUDICE.—Failure to verify the inventory of an estate is without injury, in the absence of any claim that any property of the estate was omitted therefrom except a small amount which was properly charged in the account, and none of the property was sold and all distributed in kind.

APPEAL from an order of the Superior Court of Los Angeles County settling a final account. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. A. Miller and Stewart & Stewart for Appellant.

James S. Bennett for Respondent.

SHAW, J.—This case is an appeal from an order settling a final account and allowing the husband, who was the administrator of the estate, the amount of $512.50 for the reasonable funeral expenses of his wife's burial. The only heirs of the deceased were the appellant, who was her mother, and the respondent, who was her husband.

The first point assigned as error is the allowance for funeral expenses. Upon that subject the court found that the husband was the owner of property in his own right of the value of $7,050; that he was a joint tenant with his wife of certain property of the value of eight thousand dollars, encumbered to the amount of six thousand dollars, which property he succeeded to and holds by right of survivorship upon the death

of his wife; that the income from the property was about sufficient to pay the interest upon said encumbrance and taxes; that he had borrowed money since the wife's death for his necessary living expenses and did not have sufficient income to pay the funeral expenses; and that $512.50 was "a reasonable and proper sum to be allowed as funeral expenses, in view of her manner of living, her position in society and the amount of her estate in her lifetime."

In support of the appeal the case of *Estate of Weringer,* 100 Cal. 345, [34 Pac. 825], is cited. [1] That case, in our opinion, justifies an allowance to the husband, as administrator of the wife's estate, of funeral expenses, if, when the circumstances of the parties, their mode of living, and the amount of the estates of the wife and husband, respectively, are taken into consideration, it is reasonable to do so. This case comes up without the evidence. The findings aforesaid show facts which justified the exercise of the discretion of the court in making the allowance of the funeral expenses.

[2] The other objection urged on the argument is that the inventory was not verified, and, therefore, that it was improper to take it into account at all. Just what is meant by this objection we do not know. It is not claimed that any property of the estate was not included in the inventory, except a small amount which the court found had been omitted therefrom and which was properly charged in the account. None of the property was sold and it is all distributed in kind. It is, therefore, manifest that the fact that the inventory was not verified has not injured anyone. The principle that error which does not produce injury does not justify a reversal is well exemplified in this case.

The other objections are too trivial to be worthy of mention.

The order is affirmed.

Lawlor, J., and Olney, J., concurred.