[Civ. No. 3523. First Appellate District, Division One.—January 15, 1921.]

ISABELLA BREZZO, as Executrix, etc., Respondent, v. PIETRO BRANGERO, Appellant.

[1] ESTATES OF DECEASED PERSONS—WITHDRAWAL OF MONEYS FROM BANK ON AFFIDAVIT—TITLE—CONSTRUCTION OF CODE SECTION.— Under section 1454 of the Code of Civil Procedure, a surviving husband, without procuring letters of administration, may, upon making the proper affidavit, withdraw money which his deceased wife may have left on deposit in a bank, but this does not give him title to the fund.

[2] ID.—FUNERAL EXPENSES OF WIFE—LIABILITY OF HUSBAND.—Where a surviving husband is financially able to pay the funeral expenses of his deceased wife out of his own property and estate, without the necessity of any recourse to the moneys of the deceased wife, he is bound to bury the latter in a suitable manner and to defray the necessary funeral expenses.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

John J. Mazza and Geo. T. Kerr for Appellant.

John L. McVey and M. Martino for Respondent.

WASTE, P. J.—Plaintiff, as executrix of the last will of Margherita Brangero, deceased, brought this action to recover the sum of $320.70, which the appellant, the surviving husband of the deceased, withdrew from the Bank of Italy, after his wife's death, upon filing the affidavit provided for in section 1454 of the Code of Civil Procedure, and without procuring letters of administration. In such affidavit the defendant stated that he was the surviving husband of the deceased and that the total amount left by her on deposit in all the banks of the state of California at the time of her death did not exceed $1,000. It was stipulated at the trial that all of the money so withdrawn by the defendant was used by him in payment of the hospital expenses, doctor's bills, and funeral expenses of the deceased wife. The lower court decided adversely to Brangero, and gave judgment against him for the fund withdrawn from the bank. From that judgment he appeals.

[1] Section 1454 of the Code of Civil Procedure, in so far as pertinent to this appeal, reads as follows: "The surviving husband or wife" (or other heirs, as the case may be) "may, without procuring letters of administration, collect of any bank any sum which said deceased may have left on deposit in such bank at the time of his or her death; provided, such deposits shall not exceed the sum of one thousand dollars. Any bank, upon receiving an affidavit" stating the requisite facts, "may pay to said affiant or affiants any deposit of said decedent, if the same does not exceed the sum of one thousand dollars, and the receipt of such affiant or affiants, is sufficient acquittance therefor." On the former hearing of this appeal, in an opinion written by Mr. Justice (*pro tem.*) Beasly, this court said:

"It seems to be conceded by respondent that under the provisions of section 1454 the person or persons therein authorized—denominated by the appellant as the next of kin—may collect from the bank deposits when the aggregate

amount thereof does not exceed $1,000, but it is contended that the right to so collect does not affect the title to the fund as against legatees of the decedent to whom such fund is bequeathed; that the party entitled to collect the money from the bank may do so, but must keep the fund intact, subject to the order of the executor or administrator subsequently to be appointed.

"The purpose of the legislature in enacting the section is, we think, quite clear. It was to provide the family of the deceased with temporary funds for such immediate necessities as funeral expenses, and perhaps to provide ready money for their support pending the probate of their estate. This being so, the husband, having made the proper affidavit, was entitled to withdraw the fund from the bank, but this did not give the husband title to the fund, that is to say, it was not intended by the provisions of the section that the fund should become the property of the husband."

We are satisfied with, and adhere to, the conclusion thus announced, on the first question presented by the appeal.

[2] In addition to claiming the fund as his own, the appellant filed a cross-complaint in the action, in which he sought a setoff amounting to $163.50, based on the fact that that sum was paid by him for the funeral expenses of his deceased wife. He had previously filed a claim against the estate for this amount, which not being acted upon, he elected to treat it as rejected, and based his cross-complaint thereon. The trial court disallowed the prayer of the cross-complaint. This court held its action improper and reversed the judgment in that respect. A petition for a rehearing was granted upon the single question as to the right of the appellant to recover upon his cross-complaint, and the matter was ordered placed upon the calendar for further hearing and determination of that question alone.

Upon a further consideration of the question, and an examination of additional authorities bearing on the matter, we have reached the conclusion that the lower court was right in denying the defendant any setoff against the estate for the amount expended by him in payment of the funeral expenses of his deceased wife. If, as was the case in *Estate of Mathewson,* 181 Cal. 452, [184 Pac. 867],

the husband does not have sufficient income to pay the funeral expenses of the deceased wife, it may be proper, under some circumstances, as indicated in that decision, to make an allowance to the husband for such purpose. But here the court found that the defendant, the surviving husband of Margherita Brangero, deceased, was financially able to pay the funeral expenses out of his own property and estate, without the necessity of any recourse to the moneys of the deceased wife. Consequently, he was bound to bury the deceased wife in a suitable manner, and to defray the necessary funeral expenses. (*Estate of Weringer*, 100 Cal. 345, 346, [34 Pac. 825].)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 14, 1921.

All the Justices concurred.