ALICE C. BOYER AND FANNIE T. WATSON,

*vs.*

HARVEY C. COLE, Administrator of Mary J. Cole, Deceased.

*Kent, Nov. 5, 1927.*

HARRINGTON, J., sitting.

*Thomas C. Frame, Jr.*, for exceptants.

*James M. Satterfield*, for defendant.

HARRINGTON, J., delivering the opinion of the court:

The household goods and furniture of the deceased were sold at private sale to one of her daughters at the inventory price, and the exceptants claim that such price was far below their value, and that the administrator should be charged with the loss suffered by the estate, resulting from such sale.

While not conclusive, the inventory and appraisement is *prima facie* evidence of the value of the property included in it. *In re Spicer's Estate*, 13 *Del. Ch.* 430, 120 *A.* 90; *Stewart's Appeal*, 110 *Pa.* 410, 6 *A.* 321; *Sellers' Estate*, 82 *Pa.* 153; *Woerner's Amer. Law of Administration*, 670; *Schouler on Executors, Administrators and Wills*, 2222; *Williams on Executors*, 1966. See, also *In re*

*Exceptions to Account of Ida H. Pennewell, Adm'x.*, 12 *Del. Ch.* 408, 105 *A.* 377.

The administrator had the legal title to the property sold and could pass title to a purchaser even at a private sale as there is no statute that requires him to sell the personal property of the intestate at public sale. See *In re Hampton*, 17 *Serg. & R. (Pa.)* 144. He was bound, however, to use all reasonable care and diligence to sell such property at the best price that could be obtained for it and if he sold it at private sale for less than its fair and reasonable value, though it was so appraised, he is responsible for the loss to the estate. *Comyn's Digest, Vol.* 1, *p.* 362; 3 *Williams on Executors*, 152, *and notes;* 18 *Cyc.* 233. See, also, *Weed v. Lermond*, 33 *Me.* 492. Prudence, therefore, dictates that such property be sold only at public sale and on reasonable notice to the public of the time and place of such sale.

Whether the first exception can be sustained, therefore, depends upon whether the household goods of the deceased were sold for less than their fair and reasonable value. While the evidence is conflicting as to the value of the goods and chattels sold, practically all of them were about fifty years old, and I am not satisfied that they were worth any more than the amount at which they were appraised and sold.

My conclusion, therefore, is that no loss was suffered by the estate, and that the first exception must be overruled.

It is, also, contended that the administrator had no right to purchase a tombstone for the deceased with the funds of her estate, especially as there was evidence that she had intended that a stone, which she had erected at the grave of her husband at his death, should be moved at her death and so placed and lettered as to serve as a marker for both of their graves. *Section 3372, Revised Code* 1915, provides for the payment of "funeral expenses." At common law, the cost of a tombstone for a deceased person was not a proper charge against his estate unless its erection was directed by will, especially if creditors were affected thereby (*Halsbury's Laws of England, Vol.* 14, *p.* 241); but a reasonable charge for a stone, depending, in part, upon the station in life of the deceased and the size of her estate, is now allowed as a funeral expense in both England and America. (24 *C. J.* 93;

*Woerner's Amer. Law of Administration, Vol.* 2, §§ 357, 358, 359; *Kroll v. Close,* 82 *Ohio St.* 190, 92 *N. E.* 29, 28 *L. R. A.* [*N. S.*] 572; *In re Sheetz's Estate,* 2 *Woodw. Dec.* [*Pa.*] 407; *In re Weringer's Estate,* 100 *Cal.* 345, 34 *P.* 825; *Fairman's Appeal,* 30 *Conn.* 205; *Phillips v. Duckett,* 112 *Ill. App.* 587; *Hancock v. Padmore,* 1 *B. & Ad.* 260, 109 *Eng. Rep.* 783). This rule applies, even though the estate be insolvent, though the expenditures are more closely scrutinized and should be more moderate where a creditor is affected thereby. *Woerner's Law of Administration,* §§ 358, 359; *Hancock v. Padmore,* 1 *B. & Ad.* 260, 109 *Eng. Rep.* 783; *Phillips v. Duckett,* 112 *Ill. App.* 587; 24 *C. J.* 93.

It does not usually apply, however, where a stone has been purchased for her grave by the deceased during her lifetime. *In re Woodbury's Estate,* 40 *Misc. Rep.* 143, 81 *N. Y. S.* 503, 509.

But even if the deceased intended the stone at her husband's grave to bear her name and to be moved at her death and so placed as to serve as a marker for both graves, it does not appear that her intentions were known to the administrator when he purchased the stone for which he claims credit. He was, therefore, justified in making a reasonable expenditure for that purpose.

The account filed shows a balance for distribution of $4,191,77, and the amount expended for a stone was $300. No creditor was injured and the amount expended does not seem unreasonable, considering the condition in life and size of the estate of the deceased.

For the reasons above given, the second exception is also overruled.