## In re WILSON'S ESTATE.

No. 21230. Opinion Filed Oct. 25, 1932.

Mauntel & Spellman, for appellant.

Tincher & MacGregor and L. Z. Lasley, for appellees.

ANDREWS, J. This is an appeal from a judgment of the district court of Woods county disallowing certain claims of L. T. Wilson, as administrator of the estate of his deceased spouse, Mary Wilson.

The agreed statement of facts, which is made a part of the record herein, shows that Mary S. Wilson, also referred to herein as Mrs L. T. Wilson, died intestate and without issue, leaving as her heirs at law, her husband, L. T. Wilson, and six brothers and sisters; that L. T. Wilson is the duly appointed and qualified administrator of the estate of the deceased; that both L. T. Wilson and the estate of Mary S. Wilson have ample means to pay the claims in controversy; that those claims consist of the following items:

| | | |
|---|---|---|
| Casket | | $585.75 |
| Monument $265.00, one-half | | 132.50 |
| Drugs | | 11.00 |
| Medical services in last sickness | | 69.00 |
| Nurse hire | | 49.00 |
| Digging grave | | 12.00 |
| | Total | $859.25 |

That all of the claims were duly verified by the claimants, presented to the administrator and allowed by him in full; that they were then presented to the county judge, approved by him and thereafter fully paid by the administrator out of his private funds, and that upon the settlement of the administrator's account the county court disallowed all of the claims. The administrator appealed from the order of the county court to the district court and the district court affirmed the holding of the county court. From that judgment the administrator appealed to this court.

The record presents no question of fact. It presents two questions of law: First, is the solvent estate of a deceased wife liable to the surviving spouse for the amount of the expense of the last sickness of the wife which has been paid by him? and second, is such an estate liable to him for the reasonable amount of the reasonable funeral expense, including a monument, which has been paid by him?

The statutes of Oklahoma applicable to the allowance of claims against the estates of deceased persons are general in their terms and apply as well to the estates of married men and women as to the estates of single men and women. They apply where the surviving spouse is acting as administrator as well as where a stranger is so acting. They provide the order in which the debts of an estate must be paid, and in that order they place funeral expenses first and the expenses of last sickness second. Section 1255, O. S. 1931 (section 1343, C. O. S. 1921). They provide that the administrator must pay the funeral expenses, the expenses of last sickness and the allowance made to the family of the decedent "* * * as soon as he has sufficient funds in his hands, * * *" Section 1258, O. S. 1931 (section 1346, C. O. S. 1921). The erection of a monument is a part of the funeral expense. Van Emon v. Superior Court of Tulare County (Cal.) 18 P. 877; 24 C. J. 308. The force and effect of those statutes is not destroyed by the appointment of the surviving spouse as administrator of the estate, and they are applicable notwithstanding such appointment.

They are likewise applicable though the surviving spouse contracted the indebtedness and paid the amount thereof from his personal funds. The reasonableness of such claims is for the determination of the county court.

It is contended herein that under the provisions of section 1653, O. S. 1931 (section 6607, C. O. S. 1921), the husband must support his wife out of his property or by his labor; that under the provisions of section 1660, O. S. 1931 (section 6614, C. O. S. 1921), if the husband neglect to make adequate provision for the support of his wife, any other person, in good faith, may supply her with necessities for her support and may recover the reasonable value thereof from the husband, and that under those provisions the items in question here are not proper charges against the estate of the deceased wife.

Those provisions have no application to funeral expense. While the husband may contract for the funeral expense of his deceased wife and be personally liable therefor under his contract, the estate of the deceased wife is likewise liable therefor, and the funeral expense must be paid from that estate if there are sufficient funds therein to pay the amount thereof.

We quote from 24 C. J. 306, as follows:

"The estate of a decedent is liable for the reasonable expenses of his funeral and burial, and this rule is usually considered applicable to the estate of a married woman or an infant"

—and from page 307, as follows:

"Where the representative or a third person has rendered himself liable for the funeral expenses and has been compelled to pay them, or has defrayed such expenses in an emergency and under proper circumstances, he is entitled to reinbursement from the estate so far as the expenditures were reasonable and proper. This rule has been held to permit a husband to be reimbursed from the estate of his deceased wife for her funeral expenses which he paid, notwithstanding his common-law obligation to see to her proper interment; but there is also authority for the view that the husband is not entitled to reimbursement where he was financially able to bury his wife in a suitable manner; and the right of reimbursement is denied where this would operate to the detriment of creditors of the wife."

In Nashville Trust Co. v. Carr (Tenn.) 62 S. W. 204, that court held:

"Funeral expenses, though ordered by the husband of deceased, are chargeable against her estate"

—and said:

"Funeral expenses are an obligation created by law against the estate of a decedent. They are not necessarily matters of contract, though they may be; that is to say, the executor, if there be one, may make a contract, or the husband, if the deceased person has been a wife."

In McCue, Adm'r, v. Garvey, 14 Hun. (N. Y.) 562, that court held:

"A husband, upon the settlement of his accounts, as administrator of the estate of his deceased wife, should be allowed out of her estate for her necessary and proper funeral expenses paid by him."

While that rule is not applicable in all states, it seems to prevail in most of the states having statutes similar to ours. We think that it is applicable under the provisions of our statutes, and that it should be applied in this state.

A different rule is applicable as to the claim for the expense of the last sickness.

In Hayes v. Gill (Mass.) 115 N. E. 492, that court, in considering the question of the payment of indebtedness for last sickness and burial expense, held:

"Where the husband before the wife's death paid all expenses of illness and after her death paid funeral expenses, while subrogated to the rights of the creditors for funeral expenses, he had no claim against the estate for the expenses of the illness."

By the provisions of our statute, the expense of the last sickness of a deceased wife is required to be paid. While the surviving husband is personally liable for them under the statutory provision requiring him to support his wife, the statutes contemplate that one need not look alone to the husband for payment therefor, but that he may look to the estate of the deceased person for the payment thereof. The reason is obvious. A wife, during her last sickness, ought not to be deprived of any reasonable care or attention because of the inability of her husband to furnish the same. A claim for the expense of the last sickness of a wife should be paid from the estate of the deceased wife though the amount so paid is charged against the interest of the surviving spouse in that estate.

In the instant case, the surviving spouse paid the expense of the last sickness and the funeral expense out of his personal funds. He is entitled to have his claim for the funeral expense paid by him allowed and paid from the estate, if that claim is reasonable and just, and his claim for the amount paid by him for the last sickness of his wife should be disallowed.

The judgment of the trial court as to the items of the claim arising out of the last sickness of the deceased is affirmed, and the judgment as to the items of the claim arising out of the funeral expense, including the monument, is reversed. The cause is remanded to the trial court for further proceedings not inconsistent herewith.

LESTER, C. J., and SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

CLARK, V. C. J., concurs as to expense of last sickness and dissents as to funeral expense. CULLISON, J., concurs as to funeral expense and dissents as to expense of last sickness. RILEY and HEFNER, JJ., absent.

---

CLARK, V. C. J. (dissenting). I concur in that part of the opinion holding that the husband is liable for the expense of the last sickness of his wife paid by him. I dissent as to that part of the opinion holding that the husband is not liable for reasonable funeral expenses of his deceased wife.

It was stipulated and agreed that the husband in the case at bar had ample means to pay the funeral expenses of his deceased wife. In the case at bar the husband paid the funeral expenses of his wife, fixed the amount of the obligation, and now files a claim against the estate of his deceased wife to be reimbursed for the amount expended by him to pay the expense of the burial of his wife.

The Supreme Court of California, in the case of Brezzo v. Brangero, 196 P. 87, at 88, in reviewing the authorities, said:

"Upon a further consideration of the question and an examination of additional authorities bearing on the matter, we have reached the conclusion that the lower court was right in denying the defendant any set-off against the estate for the amount expended by him in payment of the funeral expenses of his deceased wife. If, as was the case in Re Estate of Mathewson (Sup.) 184 P. 867, the husband does not have sufficient income to pay the funeral expenses of the deceased wife, it may be proper under some circumstances, as indicated in that decision, to make an allowance to the husband for such purpose. But here the court found that the defendant, the surviving husband of Margherita Brangero, deceased, was financially able to pay the funeral expenses out of his own property and estate, without the necessity of any recourse to the moneys of the deceased wife. Consequently he was bound to bury the deceased wife in a suitable manner, and to defray the necessary funeral expenses. In re Weringer, 100 Cal. 345, 34 P. 825."

There is no statute in Oklahoma on this proposition. The common law is settled and very definitely supports the position of appellees. What is the view of the majority of the courts passing on this proposition? The text at page 1500 of volume 31 American Law Reports says:

" 'The doctrine obtaining in the majority of jurisdictions is that the duty of paying the funeral expense of a married woman devolves on her husband, and that her

separate estate is not liable therefor; the holding to that effect being based either wholly on the common law or on the view that the local statutes do not abrogate the common-law rule.' The note then cites cases from Alabama, Arkansas, California, Connecticut, Georgia, Illinois, Indiana, Kentucky, Maryland, New Jersey, Michigan, North Carolina, Pennsylvania, England and Canada."

Here the husband wanted to charge to the wife's estate the expense of her illness, her doctor bills, her nurse hire, and also the expense of a proper funeral. I am of the opinion, since the facts show that he was able to pay the expense of the burial of his wife, that it is a legal obligation as well as a moral obligation that he should be required to perform.

As far back as the trained eye of the student may penetrate the dimness which time spreads like a mist over the past, it would seem that mankind, with one accord, has been fond of giving those loved ones who passed on before him a proper resting place, that their memory might be preserved as a comfort and pleasure throughout the remaining life of the survivor. One of the earliest records of this desire of man to properly bury his wife at his own expense is found in the 23rd Chapter of Genesis:

"1. And Sarah was an hundred and seven and twenty years old: these were the years of the life of Sarah.

"2. And Sarah died in Kirjatharba: the same is Hebron in the land of Canaan; and Abraham came to mourn for Sarah, and to weep for her."

And Abraham said unto the sons of Heth, I am a stranger and a sojourner with you; give me a possession of a burying place. And the children of Heth answered, thou art a mighty prince among us; in the choice of our sepulchres bury thy dead. And Abraham replied that he wanted the cave of Machpelah which is in the end of his field for as much money as it is worth. And the Hittite answered, the field I give thee and the cave that is therein I give thee. And Abraham answered, I will give thee money for the field, take it of me, and I will bury my dead there. And Ephron answered, the land is worth four hundred shekels of silver; what is that betwixt me and thee? Therefore bury thy dead. And Abraham weighed to Ephron the silver, four hundred shekels of silver, current money with the merchant. And the field of Ephron and the cave which was therein and all the trees that were in the field, that were in all the borders round about, were made sure to Abraham for a possession. And after this, Abraham buried Sarah his wife in the cave in the field in the land of Canaan. Here, from the earliest dawn of time civilized men, to the present day, have felt it a moral and a legal duty to bury their wives as befits their station in life.

I know nothing, either legal or moral, that relieves the husband of this duty where the record discloses, as it does here, that he has ample means to provide such burial. Abraham refused a free burial place for Sarah and insisted that he bear the expense of preparing the last resting place for his beloved companion.

This, in my opinion, is a good precedent for this court to follow, in addition to the modern authorities cited herein.