LANG, Adm'r, v. BANNER.

No. 30021.   Oct. 21, 1941.

Rehearing Denied Nov. 12, 1941.

*118 P. 2d 639.*

John G. Ellinghausen and S. S. Lawrence, both of Tulsa, for plaintiff in error.

Z. I. J. Holt and Rogers, Stephenson & Dickason, all of Tulsa, for defendant in error.

OSBORN, J. This is a suit by Tom Banner, hereinafter referred to as plaintiff, to recover against P. J. Lang, administrator of the estate of George W. Morse, on a claim for hospital and medical fees and funeral expenses of Flora Morse, the wife of the said George W. Morse. Flora Morse was the mother of the said Tom Banner, and George W. Morse was the stepfather of the plaintiff. They all lived together on a city lot in the city of Tulsa, which was occupied as the homestead. It was in the joint name of George W. Morse and Flora Morse. It was the only real property owned by the parties so far as the record discloses.

The record further discloses that at the time of the death of Flora Morse, she and plaintiff had two joint accounts. One of these accounts was in the First National Bank of Tulsa, Okla., in which, at the date of the death of Flora Morse, there was approximately $2,800. It was not possible to tell how much either the plaintiff or the said Flora Morse had deposited in this account up to the time of her death, but plaintiff testified that at least $1,000 was deposited by Flora Morse. The other account was in the amount of $916 in the Tulsa Building & Loan Company, and it had accumulated from the joint deposits of plaintiff and Flora Morse.

Flora Morse died on October 29, 1938, and the funeral bill was paid three days thereafter on November 1, 1938, by Tom Banner. The bill was assigned by the Moore Funeral Home to the plaintiff. Thereafter, on December 1, 1938, George W. Morse died and the defendant was appointed administrator of his estate. Plaintiff presented his claim to the administrator and it was denied for the reason stated by the defendant that it included the funeral bill. This suit resulted. The total amount sued for was $519.65, which included the funeral bill of $335.10. The parties agreed at the trial to payment of the hospital bill and medical bill, leaving contested only the funeral bill. Under this state of facts the court held that the plaintiff was entitled to establish and have allowed his claim for the full amount, and upon such finding entered a judgment for $519.65, which included the $335.10 funeral bill. A motion for new trial was duly filed and overruled, and the defendant appeals.

It is urged that the wife left an estate out of which said funeral expenses could be paid, and that therefore the husband's estate is not liable for the same. In support thereof, plaintiff in error cites In re Wilson's Estate, 160 Okla. 23, 15 P. 2d 825, and In re Wagner's Estate, 178 Okla. 384, 62 P. 2d 1186. We were there concerned with whether or not said funeral expenses could be allowed out of the estate of the decedent. We are here concerned with the liability of the husband for such funeral expenses. At common law, the husband was liable for the reasonable funeral expenses of his wife, and we are cited to no statute of this state which relieves the husband of this liability. 30 C. J. 606, § 156. We deem it unnecessary, therefore, to discuss the question of whether or not the wife left an estate out of which said funeral expenses could be paid, since this is not a proceeding to charge same against her estate.

It is claimed that the plaintiff voluntarily paid the account and cannot recover. The cases cited by the defendant have been examined, and we are of the opinion that they are not in point. Plaintiff did not create the obligation. Neither did he voluntarily assume its payment. The account was never charged to the plaintiff, and upon its payment he took an assignment thereof, which he had a right to do. It had been charged to the account of George W. Morse. We therefore hold that the plaintiff had a legal right to pay the same, take the assignment thereof, and on due presentation to the administrator and refusal to pay, he had the right to have it established as a claim against the estate of George W. Morse. In this connection, see McGrath v. Sheehan, 296 Mass. 263, 5 N. E. 2d 549, in which it is stated that one who proves he justifiably met the ob-

ligation of the husband for the funeral expenses has the right to be reimbursed.

We find no error in the holding that the estate of George W. Morse was liable for the funeral expenses.

The judgment is affirmed.

WELCH, C. J., and GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., concurs in result. RILEY and BAYLESS, JJ., absent.