[Civ. No. 17625. Second Dist., Div. Two. July 11, 1950.]

Estate of GEORGE MASON KEVIL, Deceased. CARL D. WEAVER, as Administrator, etc., et al., Appellants, v. KENNETH SPERRY, Respondent.

Shibley, Wanzer & Litwin for Appellants.

Kenneth Sperry, in pro. per., for Respondent.

WILSON, J.—This is an appeal from an order settling objections to final account of administrator and decree of distribution. There are also purported appeals from (1) the "order denying motion to set aside and vacate order settling objections to final account of administrator and decree of distribution" and (2) the order denying motion for a new trial, which orders are nonappealable.

Decedent at the time of his death was in active service in the United States Navy. He was officially placed upon a "missing status" in 1942, and was subsequently declared dead, the presumptive date of his death being July 25, 1945. On that date there was accrued pay standing to his credit in the amount of $5,729.20. Thereafter decedent's mother, appellant Venice Kevil, filed her claim with the Navy Department and there was distributed to her, pursuant to section

941a of title 34, U.S.C.A.* (Act of Feb. 25, 1946, 60 Stat. 30) the sum of $2,864.60, representing one half of the accrued pay. She was informed that the other half was reserved for the surviving father and that the balance could be allowed to a duly appointed legal representative of her son's estate, regardless of the status of the father. After receiving this communication Mrs. Kevil requested her brother, appellant Carl D. Weaver, to petition for letters of administration. Letters were issued to him on June 10, 1947. The inventory and appraisement was filed on October 5, 1948, showing the total assets in the estate as cash in the sum of $2,864.60. This sum represented the remaining balance of the accrued pay accredited to decedent which the administrator received from the government.

Decedent's father, who resides in Virginia, retained respondent to represent him and executed an assignment of his interest in the estate to respondent. The latter advised the administrator that decedent's mother had already received one half of the estate directly from the Navy Department and requested that he make a demand upon her for the amount she had received and in the event she failed to remit that such amount be offset against her share of the estate in any petition for distribution.

Thereafter the administrator filed his first and final account alleging that the entire estate of decedent consisted of the sum of $2,864.60 and asked that the estate be divided one half to the mother and one half to the father. He failed to call the court's attention to the fact that decedent's mother had received a similar amount from the United States Navy. Respondent filed objections alleging that the decedent at the time

---

*Section 941a reads as follows: ''In the settlement of the accounts of deceased officers or enlisted persons of the Navy and Marine Corps where no demand is presented by a duly appointed legal representative of the estate, the accounting officers may allow the amount found due to the decedent's widow, widower, or legal heirs in the following order of precedence: First, to the *widow or widower; second, if decedent left no widow or widower, or the widow or widower be dead at time of settlement, then to the children or their issue, per stirpes; third, if no widow, widower, or descendents, then to the father and mother in equal parts;* fourth, if either the father or mother be dead, then to the one surviving; fifth, if there be no widow, widower, child, father, or mother at the date of settlement, then to the brothers and sisters and children of deceased brothers and sisters, per stirpes; *Provided,* That this section shall not be so construed as to prevent payment from the amount due the decedent's estate of funeral expenses, provided a claim therefor is presented by the person or persons who actually paid the same before settlement by the accounting officers.'' (Emphasis added.)

of his death was serving in the United States Navy and that the true amount of his estate, which was represented by accounts due him at the time of his death, was the sum of $5,729.20, one half of which had already been paid to the mother.

The court found that the entire estate of decedent consisted of pay due him from the United States Navy in the sum of $5,729.20; that one half thereof had already been paid to the mother, Ora Venice Kevil, pursuant to section 941a of title 34 of the United States Code; that by virtue of collusion between the administrator and Ora Venice Kevil, the facts were not brought to the attention of the court and that the administrator had sought to have distributed to the mother three fourths of the estate instead of the one half to which she was legally entitled under the laws of descent and distribution.

The sole question to be determined is whether there should have been included in decedent's estate the sum of $2,864.60 paid directly to appellant Venice Kevil by the United States government pursuant to section 941a of title 34 of the United States Code.

It is appellants' contention that the amount shown in the first and final account of the administrator represents the total amount of decedent's estate and that it must be distributed in accordance with section 220 of the Probate Code; that Venice Kevil is not indebted to the estate and that the money paid to her was never a part of the estate but was paid to her by the government on its own determination as to who was entitled to it.

Appellants assert that section 941a of the United States Code is not applicable since the statute was passed after decedent's death and that whatever rights his estate may have in the matter were fixed as of July 25, 1945.

The payment to appellant Venice Kevil was made pursuant to the provisions of section 941a inasmuch as it is the only statute under which such payment could have been made. Section 941 of the United States Code which was in effect at the date of decedent's death, and which was repealed at the time section 941a was enacted, provided for the settlement of accounts in a similar manner "where the amount due the decedent's estate is less than $500."

Counsel have cited no cases and we are unable to find any construing section 941a. Inasmuch as the power to pass laws regulating succession to property is reserved to the states

under the Tenth Amendment to the Constitution of the United States, the statute must be regarded as procedural in nature and not as a statute of succession. ▊▊ It is only in those cases in which no legal representative makes a demand therefor that the accounting office is permitted to pay to the heirs of a decedent any amount due to him. The obvious purpose of the statute is to settle and dispose of amounts due deceased members of the armed forces where no probate is contemplated to the end that any balances remaining to the credit of any such deceased member may be distributed to the heirs entitled to succeed thereto under the laws of descent and distribution. The statute recognizes the primary right of a legal representative of the estate to demand and receive the amount due and does not require that any such amount be allowed to anyone except a legal representative.

Had there been no administration of decedent's estate the accrued pay standing to his credit would have been distributed by the government equally between his father and mother. And if decedent's mother had caused an administrator to be appointed instead of filing her claim the full amount would have been paid to such administrator upon demand and the mother and father would have shared equally in the estate. Appellant cannot accept the one half to which she is entitled and then by means of probate proceedings obtain a total of three quarters of decedent's estate. When she received her half of the estate in advance of administration she held it subject to the order of the administrator in the event one was appointed. The statute is comparable to sections 630 et seq. of the Probate Code and although Venice Kevil was entitled to receive her share of the money directly from the Navy Department, she did not thereby obtain title to the fund. (See *Brezzo* v. *Brangero,* 51 Cal.App. 79 [196 P. 87].) It was therefore proper for the probate court to offset the amount she had already received as against her entire share of the estate. (*In re Moore,* 96 Cal. 522, 529-30 [31 P. 584] ; *Estate of Bennett,* 13 Cal.2d 354, 358 [90 P.2d 84, 126 A.L.R. 771].)

Order settling objections to final account of administrator and decree of distribution affirmed. Appeals from other orders dismissed.

Moore, P. J., and McComb, J., concurred.