[Civ. No. 18686.   Second Dist., Div. Three.   Apr. 30, 1952.]

Estate of EVA RIDENOUR DENNIS, Deceased.   WILLIAM LOWRY, Respondent, v. WILLIAM AUSTIN DENNIS, Appellant.

Charles C. Morrison for Appellant.

Hector P. Baida for Respondent.

SHINN, P. J.—By her will Eva Ridenour Dennis disposed of an estate of some $18,000, her separate property. She held an interlocutory decree of divorce from William A. Dennis, appellant herein, and bequeathed him $3,000. The will made no provision for the payment of funeral expenses. These expenses being unpaid, her executor and appellant were sued and judgment given against them jointly for $563.38 in favor of Pierce Brothers, the mortician, and $776.42 in favor of Inglewood Park Mausoleum Company. These sums were paid from estate funds but upon final distribution were ordered deducted from the husband's legacy. The husband appeals.

We are of the opinion that the expenses should have been paid by the estate and were improperly deducted from appellant's legacy.

The question whether the funeral expenses of a deceased wife should be borne by her husband or her estate has been directly presented to a reviewing court, as far as we know, in but two cases. Respondent contends that *In re Weringer,* 100 Cal. 345 [34 P. 825], decided that the husband must bear the expense. As we read the opinion the court expressed the opposite view. It is true the court said (p. 346): "At common law the husband was bound to bury his deceased wife in a suitable manner, and was bound to defray the necessary funeral expenses," but the court did not impose that duty upon the husband. It was said (p. 347): "The court allowed an item of six hundred and seventy dollars for 'funeral expenses and monument.' It does not appear how much of the item was for the monument. Whether or not the administrator ought to have been allowed anything on account of the monument depends upon circumstances. . . . If the husband be poor, and the deceased leave a considerable estate, the former ought not to be expected to contribute much to a monument, and it would be proper in such a case, we think, for the court to fix

a reasonable amount to be allowed for that purpose. *The amount allowed for the expenses of the funeral and a monument should be governed by the custom of people of like rank and condition in society; a distinction being made in this respect, however, between solvent and insolvent estates."* (Italics added.) The allowance of the entire expense of the funeral and monument as a charge against the estate was reversed for further proceedings. Notwithstanding the statement as to the husband's liability under the common law, the court clearly indicated that the funeral expenses, exclusive of the charge for the monument, should be paid by the estate and the cost of the monument be fairly apportioned.

In *Estate of Mathewson,* 181 Cal. 452 [184 P. 867], the court said of the Weringer case (p. 453) : "That case, in our opinion, justifies an allowance to the husband, as administrator of the wife's estate, of funeral expenses, if, when the circumstances of the parties, their mode of living, and the amount of the estates of the wife and husband, respectively, are taken into consideration, it is reasonable to do so." An order charging the wife's estate with funeral expenses of $512.50 was affirmed upon a showing that the husband had property of the value of some $9,000 but insufficient income to pay the funeral expenses. We are aware of no holding to the contrary.

Former section 292 of the Penal Code provided in part: "If the deceased was a married woman, the duty of burial devolves upon her husband." Failure to obey was made a misdemeanor. The duty was to the state and had nothing to do with the husband's right to reimbursement from the wife's estate. It is important, however, to consider what was and is embraced within "the duty of burial." Merely placing a body in a grave would have constituted technical compliance with section 292, and yet no one of normal sensibilities would expect a burial to be conducted, except in some emergency, without the preliminary arrangements and preparations which are universally regarded as an inseparable part of a decent funeral. Section 292 was repealed when the General Cemetery Act was enacted (Stats. 1931, ch. 1148; amended Stats. 1937, ch. 367). In 1939 the pertinent provisions of the act were codified as sections 7100 and 7101, Health and Safety Code.

"7100. The right to control the disposition of the remains of a deceased person, unless other directions have been given by the decedent, vests in, and the duty of interment and the liability for the reasonable cost of interment of such remains

devolves upon the following in the order named: (a) The surviving spouse. . . . The liability for the reasonable cost of interment devolves jointly and severally upon all kin of the decedent in the same degree of kindred and upon the estate of the decedent.''

''7101. Cost of interment. When any decedent leaves an estate in this State, the reasonable cost of interment and an interment plot of sufficient size to constitute a family plot and memorial . . . shall be considered as a part of the funeral expenses of the decedent and shall be paid as a preferred charge against his estate as provided in the Probate Code.''

''Interment'' is defined as cremation, inurnment (placing cremated remains in an urn and placing it in a niche), entombment (placing remains in a crypt or vault), and burial (placing remains in a grave). (§§ 7009-7013.)

Sections 950 and 951, Probate Code, give a claim against an estate for funeral expenses preferred status. These sections, and section 7101, Health and Safety Code, by implication recognize funeral expenses as a proper charge against an estate. The joint liability of the relatives and the estate under section 7100 gives protection to the creditor if the estate is insufficient.

Liability for the expense of burial, which formerly rested upon the surviving husband, has been shifted to the estate of the deceased wife, if there be estate, although the husband, and if none, other relatives are liable if there be no estate, or insufficient estate. This accords with long established custom, as we understand it.

It is clear, then, that appellant husband should not have been charged with the amount that had been paid to the cemetery ($776.42). And we can discover in the record no reason whatever for deducting from his bequest the charges of the mortician ($563.38).

It is true that the court in probate should not approve a claim for funeral expenses for more than an amount which is reasonable in view of the manner in which the decedent had lived, his station in society and the condition of his estate. (*Estate of Malgor,* 77 Cal.App.2d 535 [176 P.2d 66].) If a greater expense has been incurred those who incurred it, not the estate, should bear the excess above a reasonable amount. It is not claimed that the charges of the mortician or the cemetery were unreasonable.

Although ''burial'' is given a narrow definition in section 7013, this was for the obvious purpose of making cer-

tain that the reasonable cost of burial, including a burial plot, be treated as a part of the funeral expenses for which payment is provided in section 950, Probate Code.　　　If, under the rule of *In re Weringer* and *Estate of Mathewson,* reasonable burial expense as a charge against the estate of a deceased wife was a matter of discretion with the court in probate, it is no longer so.　And in view of this clearly expressed policy of the state it logically follows that the estate of a deceased wife, if reasonably ample, should be charged with the reasonable expense of interment, by whatever method, including all items which are customarily regarded as funeral expenses.　It would be incongruous from the standpoint of law, reason and convention, to divide the responsibility between the relatives and the estate.　Even without the change in the statutory law, proper application of the rule of the Weringer and Mathewson cases would have required that the estate of Mrs. Dennis be charged with the expenses.

In view of the size of the estate and the absence of any claim of unreasonableness, it was error to charge appellant with any of the funeral expense.

The order for distribution is reversed with respect to the debts in question, with directions to allow them as claims against the estate.

Wood (Parker), J., and Vallée, J., concurred.