In the Matter of the ESTATE of Annette ATKINSON, deceased, V. E. Atkinson, Administrator.

Ardis Ruth BEASLEY and Curtis Marlon Nott, Plaintiffs In Error,

v.

V. E. ATKINSON, Administrator, Defendant In Error.

No. 36347.

Supreme Court of Oklahoma.

Oct. 26, 1954.

John R. Woodard, Tulsa, for plaintiffs in error.

Pinkerton & Wills, Tulsa, for defendant in error.

CORN, Justice.

The factual situation out of which arose the litigation culminating in this appeal is sufficiently disclosed by the following summary of the stipulation of facts and evidence on trial de novo.

Annette Atkinson, resident of Tulsa, Oklahoma, died intestate April 25, 1951.

Surviving her were the husband, defendant herein, and two adult children by a former marriage, protestants and plaintiffs in error. These were the only persons entitled to claim any interest in her estate. Upon deceased's death defendant made arrangements for her burial, and purchased two burial spaces in his own name. The funeral expenses ($922.60) were charged to defendant, the burial plat cost $95, and other expenses incident to the interment totaled $35, and these latter amounts defendant paid. At that time deceased's assets consisted only of a residence, occupied as their homestead, but title to which stood in her name, and the household goods, all of which was set over to the surviving husband, as his homestead. The remainder of her estate consisted of claims (amounting to $595) against her children, the protestants, which had been reduced to judgment at the time this case was heard. Neither at the time of her death, nor at any time thereafter, was there available cash in deceased's estate out of which necessary funeral expenses could have been paid.

In September, 1951, defendant obtained an assignment of the bill for the funeral expenses from the funeral home which handled the funeral. Thereafter he filed a verified claim asking the county court to allow the amounts expended as a valid obligation against deceased's estate. Over protestants' objections the county court allowed the claim for funeral expenses and the cost of one burial space, in the total amount of $987.60, and protestants thus appealed to the district court where the case was heard de novo. When the case was heard the parties stipulated as to the essential facts, as outlined above.

Protestants then introduced evidence disclosing that following deceased's death defendant had filed petition for probate of a lost will, under the terms of which defendant alleged he was deceased's sole legatee; that protestants had contested the petition by denying execution of such an instrument, or if executed same had been destroyed by testatrix; subsequent to date of execution of the alleged lost will deceased had cancelled and annulled all prior

wills by execution of another will, the original of which was unavailable, under the terms of which defendant was excluded from inheriting and deceased's entire estate was left to these protestants. After a hearing the county court entered an order denying the petition for probate of a lost will, but finding that preservation of the estate required issuance of letters of administration to defendant, without prejudice to his right of appeal from the order denying his petition.

After hearing the case the trial court determined that the only question involved was whether defendant's claims for funeral expenses, including burial space, were proper charges to be paid out of deceased's estate. The court concluded the county court's order allowing such claim was proper and should be affirmed, and entered judgment approving and allowing defendant's claims for funeral expenses, burial space and accompanying charges in the total amount of $987.60, to be paid out of any available assets of the estate.

The argument submitted in an effort to reverse the judgment rendered is based upon two grounds. It is urged at length that, as a matter of strict moral concept, the funeral expenses were defendant's primary obligations, and having paid such charges this constituted a voluntary discharge of his obligations so that he had no right to seek reimbursement of the money so expended. Since, in consideration of any appeal, we are concerned only with the applicability of rules of law enunciated in our prior decisions, this argument is not persuasive.

Protestants also contend that the rule decisive of the question here presented is that expressed in Lang v. Banner, 189 Okl. 606, 118 P.2d 639, and that such decision overruled our former decisions in In re Wilson's Estate, 160 Okl. 23, 15 P.2d 825, and In re Wagner's Estate, 178 Okl. 384, 62 P.2d 1186. Examination of these decisions dealing with the problem discloses the invalidity of protestants' position. The syllabus in In re Wilson's Estate, supra, in part states: .

"The reasonable value of proper funeral expenses which were ordered by and paid for by the husband of a deceased wife are chargeable against her estate."

This rule was followed in In re Wagner's Estate, supra; Earnest v. Earnest, 187 Okl. 258, 102 P.2d 602, and more recently in Smith v. Ridpath, 207 Okl. 638, 251 P.2d 1036. In this latter case it was contended, upon the authority of the Lang case, supra, that the husband was liable for the funeral expenses of his wife. We declined to accept such argument, and pointed out that the rule in this jurisdiction is that funeral expenses are a proper charge against a deceased's estate, upon the authority of In re Wilson's Estate, supra, and later decisions to the same effect.

We perceive no legal reason, and none is suggested, for overruling past decisions following the recognized majority rule. See 34 C.J.S., Executors and Administrators § 384 and cases cited in footnotes.

Judgment affirmed.

JOHNSON, V. C. J., and WELCH, DAVISON, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.