[S. F. No. 8317.   Department One.—November 24, 1917.]

In the Matter of the Estate of WILLIAM HINKEL, Deceased, ELIZABETH HINKEL, as Executrix, etc., Appellant, v. JOHN HINKEL et al., Respondents.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—PARTIAL DISTRIBUTION.—The fact that a will is still open to contest by a minor or a nonresident does not necessarily preclude a distribution.

ID.—COMPROMISE AGREEMENT.—Where certain contestants of a will made a compromise agreement between themselves and the proponents of the will, which provided for the payment of certain sums of money, and that these sums should be paid whether the will should be sustained or revoked, and out of the first moneys distributed from the estate, the pendency of another contest of the same will on behalf

of a minor did not preclude a partial distribution of the moneys payable under the compromise agreement, the interests of the contracting parties being sufficient to permit such amounts to be paid without impairing the ability of the minor to receive his share if he should be successful in his contest.

ID.—ESTATE "BUT LITTLE INDEBTED."—An estate is little indebted when the amount of the estate over and above the debts is sufficient to allow distribution to be made without danger to the rights of creditors.

ID.—SEPARATE PROPERTY—CLAIM BY WIDOW—ESTOPPEL.—On application for a partial distribution pursuant to a compromise agreement, the widow, who had been a party to the agreement and who had transferred any part of the estate that might be her separate property as security for the performance of the compromise agreement, and who had thereafter been appointed by the court an executrix of the will with a coexecutor, could not, either as an executrix or as an individual, assert that the property inventoried by her and her coexecutor was not a part of the estate for the purposes of partial distribution, nor could she, as against creditors who might be affected by the distribution, claim as her separate property the funds necessary to the payment of their demands.

APPEAL from decrees of partial distribution of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

John C. Quinlan, for Appellant.

A. L. Weil, A. Caminetti, Jr., Stafford & Stafford, and W. P. Caubu, for Respondents.

SLOSS, J.—Elizabeth Hinkel, as executrix of the last will of William Hinkel, deceased, appeals from two decrees of partial distribution made in favor of John Hinkel and Edgar W. Hinkel, respectively.

On November 4, 1914, William Hinkel's will was admitted to probate, and Elizabeth Hinkel and Oliver L. Jones were appointed executrix and executor. The will bequeathed to each of seven nephews and nieces, children of the decedent's brother Charles, three thousand dollars; to a niece and nephew, children of a sister, three thousand dollars each; to the widow, Elizabeth Hinkel (who prosecutes this appeal as executrix), the decedent bequeathed one hundred thousand dollars, in

lieu of her community interest. The other provisions of the will are not material here.

A proceeding for revocation of probate was instituted by John Hinkel, a brother of William Hinkel, and two sisters of said decedent. In June, 1915, after a trial of the contest, probate of the will was revoked. On July 2, 1915, the three contestants, together with eight of the nieces and nephews named in the will as legatees in the sum of three thousand dollars each, entered into a written compromise agreement with Elizabeth Hinkel and Oliver L. Jones. The instrument provided, in effect, that the said contestants and legatees (parties of the second part in said writing) transfer all of their rights and interests in the estate to Elizabeth Hinkel and Oliver L. Jones (designated as parties of the first part) ; that Elizabeth Hinkel and Oliver L. Jones agree to pay to John Hinkel six thousand dollars, to the two sisters five thousand dollars each, and to the nephews and nieces joining in the agreement three thousand dollars each. The amounts so agreed to be paid aggregate forty thousand dollars. "All said sums," it is provided, "shall be paid to the parties as above indicated, whether said will shall be sustained. or revoked by order of court, as soon as distribution can be had in the estate of William Hinkel, deceased, and out of the first moneys distributed therefrom." Elizabeth Hinkel and Oliver L. Jones grant to said parties the right to compel distribution to John Hinkel, as trustee for such other parties, of the sums to be paid out of the share or legacy to which Elizabeth Hinkel and Jones may be entitled, either as heirs at law of William Hinkel, deceased, or as beneficiaries under his will. The parties of the first part assign to John Hinkel, as security for the performance of the agreement, all of their interest in the estate. It is also provided that if any property claimed to belong to the estate shall be determined to be the separate property of Elizabeth Hinkel, such separate property is also transferred to John Hinkel as security for the performance of the agreement. The parties of the second part agree to co-operate in good faith with the parties of the first part in sustaining the validity of the paper filed as the last will and testament of William Hinkel, deceased, "and to that end will, upon request of the parties of the first part, participate in and join in a petition to the court to vacate the judgment and grant a new trial in the proceedings for the revocation

of probate of said will." On March 27, 1916, Elizabeth Hinkel, as party of the first part, entered into an agreement with O. B. Martin, guardian of the person and estate of Edgar W. Hinkel, as party of the second part. This agreement, after reciting the admission to probate of the will, the institution of the proceeding for revocation of probate, the judgment revoking the probate, and the consent of the contestants to the granting of a motion for new trial, declares that the party of the second part transfers to the party of the first part all his right, title, and interest in the estate of William Hinkel. Elizabeth Hinkel agrees to pay to Edgar W. Hinkel the sum of $4,250, "that said sum of $4,250 shall be paid to said party of the second part whether said will shall be sustained or revoked by order of said court, as soon as distribution can be had in the estate of William Hinkel, deceased, and out of the first moneys distributed therefrom, after the payment of the moneys agreed to be paid to John Hinkel, as trustee under the agreement dated July 2, 1915." The party of the second part consents to the dismissal of the will contest, and agrees to co-operate in good faith with the party of the first part in sustaining the validity of the paper filed as the last will of William Hinkel, deceased, and to that end agrees, on request of the party of the first part, to participate and join in a petition to grant a new trial in the matter of the revocation of probate. It is further agreed that the party of the second part may apply to the court for an order or decree distributing to him the sum of $4,250.

After the making of these agreements a new trial was, by consent of the parties, granted in the proceeding to revoke probate, the contest was dismissed, and Elizabeth Hinkel and Oliver L. Jones were reappointed executrix and executor. John Hinkel petitioned for the partial distribution to him of the forty thousand dollars which, under the first agreement, he was to receive as trustee for the various parties to the compromise, and O. B. Martin, as guardian of Edgar W. Hinkel, filed a like petition for the distribution of $4,250 to him.

Both petitions were granted, and Elizabeth Hinkel, as executrix of the will, appeals from the decrees thus made.

Jones did not join in the appeal. It is contended by one of the respondents that, in the absence of proof of the conditions defined in section 1355 of the Code of Civil Procedure,

one of two executors cannot alone take an appeal from an order affecting both in their representative character. We do not find it necessary to pass on this point, as we have reached the conclusion that the decrees appealed from should be affirmed on the merits.

One of the points made by the appellant is that a contest of the will had been instituted by Robert Hinkel, a minor, and that this contest was still pending when the decrees of partial distribution were made. But the fact that a will is still open to contest at the suit of a minor or a nonresident does not necessarily preclude a distribution. (*Estate of Pritchett,* 52 Cal. 94.) The agreements provide that the amounts therein specified shall be paid, whether the will be sustained or overthrown. In either event, the interest of the contracting parties will be sufficient to permit such amounts to be paid without impairing the ability of Robert Hinkel to receive his share, if he should be successful in his contest.

The condition of the estate, as shown by the record, was not such as to preclude a partial distribution. The appraised value of the estate was over two hundred and ninety thousand dollars, and it appeared that there had been an increase of twenty-five thousand dollars over the value as fixed by the appraisement. Suits and claims presented against the estate up to the time of the filing of the petitions aggregated about seventy-one thousand dollars. While the time for presenting claims had not expired when the petitions were filed, it had run out when the decrees of distribution were made. Section 1661 of the Code of Civil Procedure provides for a partial distribution where ''the estate is but little indebted.'' Whether an estate is little indebted is to be determined, not by the amount of the debts, viewed absolutely, but by their relation to the value of the estate. (*In re Crocker,* 105 Cal. 368, [38 Pac. 954].) An estate is little indebted when the amount of the estate, over and above the debts, is sufficient to allow the distribution to be made without danger to the rights of creditors.

The inventory contains the statement that the executors are unable to state whether the property ''is community or separate property of Elizabeth Hinkel, or partly community and partly separate property of Elizabeth Hinkel.'' Any question in this regard is one which concerns Elizabeth Hin-

kel in her individual right, rather than as executrix. As an individual she would be in no position to contest the distribution, since, by the compromise agreement, she transferred any part of the estate that might be her separate property as security for the performance of the agreement. Furthermore, both agreements plainly contemplated that the sums agreed to be paid were to be distributed out of the estate of William Hinkel. Under these conditions, Elizabeth Hinkel cannot now assert, either as executrix or as an individual, that the property inventoried by her and her coexecutor was not a part of the estate for the purpose of this partial distribution. On like considerations, she would be estopped, as against creditors who might be affected by the distribution, to claim, as her separate property, the funds necessary to the payment of their demands.

The fact that in both contracts the parties contracting with Mrs. Hinkel and Jones agreed that they would co-operate in sustaining the will affords no answer to a demand by them for distribution. There is no claim that the evidence shows any past failure on the part of any of them, and the continuance of such co-operation, up to the completion of the final settlement of the estate, is not made a condition precedent to their right to receive the money. On the contrary, each agreement declares plainly that the moneys agreed to be paid were to be distributed as soon as distribution could be had. Nor was it a condition to the right to receive the money by order of distribution that the will should be upheld. It is true that a party interested in an estate may by agreement estop himself from asking for a partial distribution. (*Estate of Glenn,* 153 Cal. 77, [94 Pac. 230]; *Estate of Colton,* 164 Cal. 1, [127 Pac. 643].) But the agreements in this case, looking, as they did, to the earliest possible distribution, irrespective of the final outcome of the efforts to have the will admitted to probate, furnish no support for a claim of estoppel against the respondents here.

In the order making distribution to Edgar W. Hinkel the court did not require the distributee to give a bond. As already stated, the time for filing claims had expired when the decree was made, and under the provision of section 1661 of the Code of Civil Procedure, the court was therefore authorized to dispense with the bond.

The agreement with Edgar W. Hinkel provided, as we have above stated, that the sum to be paid thereunder should be paid only after the payment of the moneys agreed to be paid to John Hinkel as trustee. But the court found that such trustee, for whose benefit and protection this clause was, obviously, inserted, had expressly waived any objection to the granting of distribution to Edgar W. Hinkel, and had consented thereto. There is, therefore, no substantial ground of objection to the two distributions being ordered at the same time.

The decrees appealed from are affirmed.

Shaw, J., and Lawlor, J., concurred.