[Civ. No. 7900. First Appellate District, Division One.—September 29, 1931.]

NORABELLE SANDERS, Respondent, v. W. B. SANDERS, Appellant.

Owen D. Richardson and Donald B. Richardson for Appellant.

Edwin H. Williams for Respondent.

KNIGHT, J.—The parties to this action, in contemplation of divorce proceedings, entered into a property settlement evidenced by an agreement in writing dated January 5, 1920, which read in part as follows: "Said party of the first part [defendant herein] agrees to pay said party of the second part [plaintiff], *so long as she remains unmarried to any other person,* the sum of Fifty Dollars per month, . . . on the first day of each month, commencing with the first day of January, 1920. Said monthly payments to be made in full payment for the support of said party of the second part and their minor children Lucile Sanders and Doris Sanders. In the event of a divorce being granted to either party *and the remarriage of said party of the second part,* said party of the first part agrees to continue the payment of said sum of Fifty Dollars per month, to said children for their support and maintenance until such time as they are self-supporting or married." (Italics ours.) Defendant agreed also to pay to plaintiff at least one-half of the medical expenses incurred by her in the event of serious illness of either of said children, provided the total amount of said expense incurred exceeded $25. Following the execution of the agreement defendant obtained a divorce and paid the monthly installments called for by the agreement up to and including November 1, 1929, at which time he refused to make any further payments; and after a lapse of several months plaintiff instituted this action to collect the delinquent installments and also one-half of the amount of medical expenses incurred by her in caring for one of the children. Judgment was rendered in favor of plaintiff and defendant appeals.

Defendant admits that plaintiff never remarried and that he has not paid the sums for which suit is brought; and he concedes, therefore, that the judgment rendered conforms to the terms of said agreement. But he claimed at the trial that the attorney employed by him to prepare said agreement made a mistake in drafting the clause relating to the termination of the monthly payments; and that consequently, as executed, said agreement did not truly express the intention of the parties, all of which was set up in his answer by way of an affirmative defense. In this regard it was

alleged "that when said agreement was executed plaintiff and defendant supposed said agreement to mean and said agreement was intended to mean and the legal consequences of said agreement were intended by plaintiff and defendant to be that the defendant was to pay the sum of fifty (50) dollars per month . . . *only until such time as said minor children become self-supporting or married*" (italics ours); that one of the children became self-supporting on September 1, 1925, and the other on September 1, 1929; and the prayer of the answer was: "1. That plaintiff take nothing by her action; 2. That said written agreement be revised so as to express the intention of the parties thereto; and that it be adjudged that said agreement is fully performed and that it be delivered up and cancelled. 3. That defendant have such other and further relief as the equity of the case may warrant." Plaintiff filed an "answer to the affirmative defense" denying that any mistake had been made in the preparation of the agreement, and alleging that "the cause of action set out in said affirmative defense" was barred by the statute of limitations. (Code Civ. Proc., sec. 338, subd. 4.) Upon the ground last mentioned the trial court excluded certain evidence offered by defendant in support of said affirmative defense; and in conformity with such ruling found that the relief asked for in said affirmative defense was barred by the statute.

The question presented for determination is, therefore, whether a plaintiff may invoke the statute of limitations against an affirmative defense based .on allegations of mistake, wherein the defendant is seeking reformation and cancellation of the instrument sued upon, the contention of defendant herein being that a party may bide his time and, when enforcement is sought against him, interpose such defense and obtain such relief, regardless of lapse of time. The decision in the case of *Bradbury* v. *Higginson*, 167 Cal. 553 [140 Pac. 254], evidently holds to the contrary, and in our opinion is decisive of this appeal. There the defendant, in an action brought against him for rent claimed to be due under the terms of a written lease, interposed the affirmative defense of mistake, and in holding that the plaintiff was entitled to invoke the statute of limitations against such defense the court said: "If the defendant's right to obtain

the equitable relief sought is barred by limitation, the plea of the statute may be interposed to the attempted defense just as it might have been in case the relief had been sought by an independent action. This court has held that the statute of limitations is applicable to claims asserted in an answer by way of set-off or counterclaim (*Lyon* v. *Petty,* 65 Cal. 322 [4 Pac. 103]; *Moore* v. *Gould,* 151 Cal. 723, 732 [91 Pac. 616]), and the same reason exists for making the statute apply to defenses based upon an equitable cause of action asserted by the defendant against the plaintiff. In the case under consideration the plaintiff, in her demurrer, pleaded subdivision 4 of section 338 of the Code of Civil Procedure, which fixes a limitation of three years for actions 'for relief on the ground of fraud or mistake'. This is the statute applicable to the relief sought by the answer. . . . This is no sufficient excuse for the defendant's alleged ignorance of the terms of a writing executed and accepted by him. No reason appearing to the contrary, he must be deemed to have known the precise terms of the lease when he signed it. If it omitted a provision which it should have contained, his right to compel a reformation accrued at once and should have been asserted within three years.'' In the present case the evidence shows that the question of whether the monthly installments called for by said agreement should terminate when the children became self-supporting, or should continue thereafter as long as plaintiff remained unmarried, became a disputed one some five years prior to the commencement of this action, at the time the elder daughter reached the age of majority, nevertheless defendant continued to make such payments thereafter and until the younger daughter became self-supporting. It is clear, therefore, under the law as declared in the case above mentioned, that if defendant desired to have the agreement reformed upon the ground of mistake, he should have sought such relief within three years after having discovered the mistake.

The case of *California Packing Corp.* v. *Larsen,* 187 Cal. 610 [203 Pac. 102], cited and emphasized by defendant, is not in point because there the statute of limitations was not involved, the single question presented being, as the court expressly stated, whether the evidence was sufficient to sustain the trial court's finding that the instrument there sought

to be enforced was entered into as a result of mutual mistake. Defendant has also cited a number of cases adhering to the well-established rule that in actions to enforce agreements the statute of limitations may not be invoked against the defense of fraud (*Estate of Cover*, 188 Cal. 133 [204 Pac. 583]). Of course, in such cases, the defense of fraud may be interposed at any time, and, if established, renders the instrument void and unenforceable from the beginning. But our attention has not been called to any case wherein the same rule has been applied to an affirmative defense based on mistake, where, as here, in order to grant a defendant the relief he is seeking, affirmative action on the part of the court is required in three distinct respects: first, in determining that by reason of mistake the portions of the agreement challenged do not truly express the intention of the parties; secondly, in reforming the instrument, by declaring the real purpose and intention of the parties; and third, in determining that, as reformed, the agreement has been performed. To hold that the statute of limitations may not be invoked against the granting of such affirmative relief would be to depart from the doctrine stated in the case of *Bradbury* v. *Higginson, supra,* which we are not prepared to do.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 29, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 27, 1931.