[Sac. No. 4781. In Bank.—September 26, 1934.]

ETHEL H. QUIGLEY, Appellant, v. EARL L. NASH, Administrator, etc., Respondent.

J. E. Pardee for Appellant.

R. M. Hardy for Respondent.

CURTIS, J.—Action to recover on two claims presented against the estate of Paul A. Quigley, deceased. The plaintiff is the surviving wife of said deceased. Deceased, during his lifetime and at the time of his death, was engaged in the lumber and supply business in Susanville, Lassen County, in this state. His death occurred on May 31, 1930. The plaintiff on June 3d following took charge of said business, and on June 7th applied for letters of administration of his estate. On June 10th deceased's place of business was destroyed by fire. There was no insurance carried on said business and in consequence of this loss the estate of decedent was rendered insolvent. On June 13th plaintiff waived her right to administer upon said estate in favor of Earl L. Nash, who was thereafter appointed and qualified as administrator of said estate. Between the date when the plaintiff took charge of the business of her deceased husband and the destruction of his business by fire, plaintiff received the sum of $6,683.42, being proceeds of an insurance policy on the life of her husband which was her individual property. From this and other sources, she proceeded to pay certain obligations of her deceased husband, his funeral expenses, and certain expenses incurred in connection with the business left by said deceased. The money thus paid out by her is the subject matter of the two claims involved in this action. The administrator failed to act upon either of said claims, that is, he refused to allow or reject either of said claims and the plaintiff after the lapse of ten days from the presentation of said claims to said administrator instituted this action to recover the amounts claimed to be due as set forth in said claims.

The two claims will be referred to as claim A and claim B. Claim A was for money paid by the plaintiff to the Bank

of Lassen County on two promissory notes, one for $1150 principal and $4.85 interest, and the other for $350 principal and $2.18 interest, totaling in all the sum of $1507.03. Claim B was presented as a preferred claim against said estate and was for money paid by plaintiff on account of various items which will be further explained. In his answer the defendant admitted all the material allegations of plaintiff's first cause of action, which cause of action was based on claim A'. As to the second cause of action, based upon claim B, the defendant denied each and every allegation thereof. As a further answer to said complaint, defendant set up a counterclaim against plaintiff's demands consisting of two items, one for $718.99 and the other for $129.19, and prayed for judgment that plaintiff take nothing by her said action and that defendant recover the amount of his counterclaim. Upon the issues thus made, the cause proceeded to trial and resulted in the trial court directing a judgment in favor of the plaintiff allowing claim A in full as a general claim against said estate; allowing three items in claim B amounting to $157.46 as a preferred claim, and the balance thereof as a general claim against said estate less the amount of $16.50, which item was abandoned by plaintiff at the trial. The amount allowed as a general claim was $174.42 and consisted of five items in claim B. Upon defendant's counterclaim, the court gave judgment in favor of defendant in the sum of $848.18, being the sum total of the two amounts of $718.99 and $129.19, claimed by defendant in his counterclaim. The court further directed that from this amount of $848.18, there be deducted the sum of $757.46, leaving the sum of $90.72, against which sum there should be further offset plaintiff's costs incurred at said trial, and any dividends paid plaintiff on her general claim against said estate. The item of $757.46 requires some explanation. According to the finding, the probate court had made an order directing the payment to plaintiff of a family allowance from the estate of her deceased husband—$50 per month for one year, or a total of $600. The item of $757.46 is made up of this item of $600 family allowance and the said sum of $157.46, being that part of claim B which the court directed should be allowed as a preferred claim against said estate. From this order the plaintiff has appealed on the judgment roll.

While no bill of exceptions, or reporter's transcript has been prepared by means of which the evidence is brought before us, the findings are quite full and contain much evidentiary matter as well as the necessary probative facts of the case.

No question is made as to the propriety of the court's order in allowing claim A as a general claim against said estate. We will, therefore, pass to claim B and particularly to those items which the court refused to allow as a preferred claim but directed their payment along with the claims of other general creditors of said estate. By holding that these items should be paid as general debts against said estate the trial court determined that plaintiff acted properly and legally in making payment of the several amounts represented by these items. The only question to determine is whether these claims constituted a general or a preferred claim against said estate. The first of these items consisted of four freight bills on merchandise ordered by and shipped to deceased prior to his death. The railroad company after the death of the deceased held the same and had a lien thereon for the freight charges. In order to obtain possession of this merchandise and to stop demurrage charges, the plaintiff paid said charges and had the merchandise delivered to deceased's place of business. In doing so, plaintiff further paid out the sum of $8.50 for unloading a part of said merchandise which amount was also included as one of the items in claim B which the trial court refused to approve as a preferred claim against said estate. Another item in claim B which the court rejected as a preferred claim and allowed as a general claim against said estate was an installment payment upon a conditional contract of purchase of a Ford automobile which automobile was afterwards sold to the plaintiff and the estate received the full benefit of said installment payment made by plaintiff. There were also two items insignificant in amount, to which the court refused to give a preference over the general claims against said estate. They were incurred in the conduct of the business of the decedent after his death. The findings are very full regarding all these disputed items. They clearly show that all of these items cover expenditures which were necessary for the preservation of the property of said estate. Had they been made by an administrator regularly appointed to settle the estate, they would, un-

doubtedly, have been proper charges of administration to be paid in course of administration, without the necessity of any formal claim being presented for their allowance or payment, and before the payment of any general or preferred claim. In our opinion, all of these items amounting to $174.42 should be allowed as preferred charges against said estate. The total of these items and the items in claim B amounting to $157.46 which the court allowed as preferred charges, amounting in all to $331.88, should have been allowed and approved as preferred charges against said estate, being the total amount of claim B, less the item of $16.50, which the plaintiff abandoned at the trial of said action.

We now come to the items of set-off allowed by the court against plaintiff's family allowance and her preferred claim. The first of these items concerns the sum of $718.99 which deceased had on deposit with the Bank of Lassen County at the time of his death. This sum was withdrawn by plaintiff on June 6th under an affidavit presented to the bank in accordance with section 1454 of the Code of Civil Procedure then in force. However, at the time plaintiff presented said affidavit to the bank and asked for the payment of said sum of $718.99 to her, the bank officials, as they had a legal right to do, refused to pay to her any part of said sum unless the plaintiff paid to the bank the amount due on the two promissory notes, held by the bank against decedent, and which form the basis of claim A hereinbefore referred to. Upon the plaintiff's promise to pay said two notes personally out of her insurance money, the bank permitted her to transfer said sum of $718.99 to her individual account. Plaintiff received her insurance money three days thereafter and on the same day paid to the bank the full amount of principal and interest of said two notes, and also a third note for $150, which we will later again refer to. The bank had a perfect legal right to credit on said notes the amount of said deposit of $718.99, but only waived its right temporarily upon condition that the plaintiff would pay the full amount of said notes upon receiving her insurance money. The receipt by plaintiff of said sum of $718.99 from the bank and her payment of the note three days later under a promise so to do can be regarded as but one transaction, the net

result of which was that plaintiff in reality only paid to the bank the difference between the amount due on said two notes and said sum of $718.99, or the sum of $788.04. This amount of $718.99, therefore, should not be allowed as a set-off against the amount due plaintiff on her family allowance or against her preferred claim against said estate.

In fairness to the estate, however, we think it should be deducted from the amount of $1507.03, the amount of the principal and interest due on said two notes at the time of their payment by plaintiff. This would leave the sum of $788.04 as the amount for which claim A should be allowed.

The situation regarding the item of $129.19 rests upon a somewhat different state of facts. At the time of his death, in addition to his individual account, the deceased with his wife maintained a joint account (without the right of survivorship) in said bank in the name of himself and wife and against which both of them drew checks. A short time prior to his death, the deceased and his wife borrowed from the bank on their joint note the sum of $150 and deposited the same in this joint account. As we have seen, there was in this account to their credit, at the date of decedent's death, the sum of $129.19. At the time plaintiff had said sum of $718.99 transferred to her individual account, she asked the bank to make the same disposition of this sum of $129.19. The bank, upon the express promise of plaintiff to pay said note for $150, changed this joint account of deceased and his wife by erasing the deceased's name therefrom and thereby transforming it into the individual account of plaintiff, and three days afterwards, when plaintiff received her insurance money she paid said $150 note held by the bank. As a result of this transaction, the plaintiff paid to the bank something like $20 over and above the amount of said deposit of $129.19. In these circumstances, it is clear that defendant is not entitled to any set-off whatever arising out of the application of this $129.19 on said $150 note. On the other hand, plaintiff would have been entitled to recover from the estate the amount paid by her in payment of said $150 note in excess of said sum of $129.19, had she included said excess in any claim filed by her against said estate. As she failed to make claim for this amount, she is not

entitled to recover the same. The defendant, however, is not entitled to recover or claim as a set-off said sum of $129.19, or any part thereof.

It follows from these conclusions that plaintiff is entitled to judgment against defendant in the sum of $788.04, which is the sum of $1507.03, being the amount of the principal and interest on the two promissory notes set out in claim A, less the sum of $718.99, and that said amount be paid as a general claim against said estate in due course of administration. Plaintiff is further entitled to judgment against defendant in the sum of $331.88 upon said claim B, and that said amount be paid as a preferred claim against said estate in due course of administration and before any of the general claims against said estate are paid. ▮ It is not necessary to make any order regarding the sum of $600, due plaintiff as a family allowance. The court has already made an order for her allowance in this amount which is unaffected by the judgment to which she is entitled in this action.

▮ We see no reason for prolonging this litigation by reversing the judgment and remanding the case to the trial court for further proceedings. Under the power now given this court we may modify the judgment to conform to the findings, and as modified the judgment may be affirmed. To do so may also require a modification of the conclusions of law. It is therefore ordered that in place of the conclusions of law made by the trial court the following are substituted as conclusions of law in said action: "That plaintiff is entitled to recover the sum of $788.04 upon said Claim A, as a general claim against said estate, payable in the due course of administration. That plaintiff is entitled to receive the sum of $331.88 upon said Claim B, as a preferred claim against said estate to be paid in due course of administration, together with costs." It is further ordered that the judgment of the trial court be modified by striking out all that part of said judgment following the words, "It is hereby ordered, adjudged and decreed as follows," and by inserting in lieu thereof the following: "That plaintiff have and recover from the defendant Earl L. Nash, administrator of the estate of Paul A. Quigley, deceased, the sum of $788.04, and that the same be paid as a general claim against said estate in due course of administration. Further-

more, that plaintiff have and recover against said defendant the sum of $331.88, and that the same be paid as a preferred claim against said estate and before any of the claims of general creditors are paid, in due course of administration, and that plaintiff have and recover her costs, amounting to the sum of $15.25.''

As so modified the judgment is affirmed, the appellant to recover her costs on appeal.

Preston, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.