[Civ. No. 9778. First Appellate District, Division One.—October 16, 1935.]

INEZ ANDRADE, Respondent, v. J. F. AZEVEDO, as Administrator, etc., Appellant.

E. H. Christian and Ernest S. Leslie for Appellant.

Manuel F. Sylva for Respondent.

TYLER, P. J.—Subrogation.—Funeral expenses paid by heir. Liability of Estate for.

Plaintiff and respondent bases her cause of action on the doctrine of subrogation. The facts show that Manuel Francisco Azevedo died intestate, leaving four children all between the ages of forty and fifty years. They are Inez Andrade, plaintiff and respondent herein, Isabella Perry, Manuel Francisco Azevedo, Jr., and J. F. Azevedo, appellant and

defendant herein. Shortly before his death the father told his daughter Inez Andrade that he wanted her to take charge of his affairs after his death. On the evening following their father's death all of the children met at the father's home to discuss funeral arrangements, at which time Inez Andrade told the others of her father's request that she take charge of his affairs. On the following day Inez and J. F. Azevedo, defendant herein, visited an undertaker to make arrangements for the funeral. The arrangements were similar to those made for their mother's funeral, who had been buried a short time previous by this same undertaker. The deceased had expressed the desire to have the same character of funeral that had been furnished for his wife. Defendant knew the cost of the same. After the funeral Inez Andrade, believing that she would be appointed administratrix of her father's estate, paid the bill of a nurse who had attended his last illness. This bill amounted to the sum of $10. She asked her brother Manuel Francisco Azevedo, Jr., to advance money for other expenses, which he did. Thereafter the brother J. F. Azevedo, defendant and appellant herein, contested her petition for letters of administration, and he was appointed administrator of the estate. Within the time limited for the presentation of claims to the estate Inez Andrade filed a claim containing an item of $7, the amount of the filing fee for letters, and another item of $10, which she had paid for the nurse's services. Manuel Francisco Azevedo, Jr., filed claims as follows: $814, paid the undertaker; $144, paid the doctor who had administered to the father in his last illness; $46.70 to a sanatorium where the father died, and $52 for flowers. These claims were all rejected. Thereupon Manuel Francisco Azevedo, Jr., assigned his claim to his sister, who filed this action.

The third amended complaint shows six counts covering the items referred to. A demurrer was sustained to the first count relating to the filing fee, and the case went to trial on the remaining counts.

Defendant, in addition to his answer to the amended complaint, set up a special defense against plaintiff for the sum of $7,000, alleging that she was indebted to the decedent for moneys advanced in that amount. This defense was demurred to but the demurrer was overruled. Plaintiff then

filed a plea of the statute of limitations to the pleading. At the trial judgment was given for the plaintiff on these five counts.

It is appellant's main contention that the payment of the claims by respondent and her assignor was that of a volunteer, for which reason no recovery can be had.

It is true that ordinarily a volunteer or stranger cannot claim subrogation against an estate for a debt that he has paid, for, to give rise to such a right the payment must be made by one who is personally interested in the same. Here, however, with reference to the funeral expenses and other items involved, all of the heirs, including defendant, knew of the arrangements for the payment of the same, and that plaintiff and her assignor had promised to pay them for the benefit of the estate, and they raised no objection to this plan. Moreover, an heir who has an interest in an estate and pays claims of this character against the estate does not act officiously, and is not a "volunteer" within the rule that a volunteer is not entitled to subrogation. This being so, the estate should repay him. This is a proper and, indeed, a necessary rule in view of the fact that burial must often be provided for before an executor or administrator can be appointed. (*Estate of Hincheon*, 159 Cal. 755 [116 Pac. 47, 36 L. R. A. (N. S.) 303].)

Objection is made that there is no evidence to sustain the findings that the amounts of the various claims were reasonable.

Plaintiff alleged that the items were reasonable, and defendant raised no question upon this subject at the trial, nor did he offer any evidence to show that they were unreasonable, the objection being merely that the payments were voluntary. All of the heirs knew the amounts of the various claims and that they were to be paid by plaintiff and her assignor, and no objection was made by any of them to the reasonableness of the charges. There is no merit in the objection.

The further claim is made that the court erred in refusing to admit evidence of the special defense that plaintiff was indebted to the deceased in the sum of $7,000.

Plaintiff pleaded the statute of limitations to the defense. It is admitted by defendant that the claim is outlawed. Assuming that the special defense relied on is a proper one under our system of pleading, the fact that the claim is outlawed

prevents its operation. Whether viewed as a counterclaim or a mere defense, the relief sought being barred by limitation, the plea of the statute as a bar to the attempted defense is just as effective as it might have been in a case where the relief was sought in an independent action. (23 Cal. Jur., p. 234, sec. 12; *Bradbury* v. *Higginson,* 167 Cal. 553 [140 Pac. 254]; *Sanders* v. *Sanders,* 117 Cal. App. 231 [3 Pac. (2d) 599].)

The judgment awarded plaintiff the sum of $1,014.70 together with $110 as interest. Appellant claims the amount of interest to be excessive in the sum of $22.74. Respondent concedes this to be true. This sum, therefore, must be deducted from the judgment. With this modification the judgment appealed from is affirmed, respondent to recover her costs.

Knight, J., and Cashin, J., concurred.