[Civ. No. 17426.   Second Dist., Div. Two.   Apr. 12, 1950.]

JAMES L. CARTWRIGHT, Individually and as Special Administrator, etc., Appellant, v. ALEXANDER BENJAMIN CARTWRIGHT, SR., et al., Respondents.

William C. Ring for Appellant.

Krag & Sweet and Charles R. Hand for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action seeking to recover certain real and personal property alleged to belong to the estate of plaintiff's decedent, plaintiff appeals.

*Facts:* On February 11, 1944, Benjamin B. Cartwright and his wife, Mary E. Cartwright, subscribed, acknowledged and delivered to defendants herein a deed to a parcel of real property located in Alhambra, California. The property was held in joint tenancy by the grantors. Thereafter Mary E. Cartwright told Attorney Ogg that she wanted to deed Lot 14 to Alexander B. Cartwright, Sr., and Lot 15 to her grandson, Alexander B. Cartwright, Jr., with Mary E. and Benjamin B. Cartwright retaining a note for $750 secured by a trust deed on Lot 15, said note and trust deed to be signed by Alexander B. Cartwright, Jr., and his wife Cecile Cartwright. The documents were accordingly prepared by Attorney Ogg, the deed signed by Mary E. and Benjamin B. Cartwright as grantors, and a note and trust deed from Alexander B. Cartwright, Jr., and Cecile Cartwright was executed in the sum of $750 in favor of Mary and Benjamin Cartwright. At the same time Benjamin B. Cartwright told Attorney Ogg to have the note and trust deed on Lot 15 made out to Mary E. Cart-

wright. The same date Mary E. Cartwright assigned the note covered by the trust deed on Lot 15 to her son, James L. Cartwright. Mary E. Cartwright instructed Attorney Ogg to hold the deed to Lot 15 for her, as well as the note and trust deed in the amount of $750, until she died, then the deed was to be recorded and the deed of trust given to plaintiff. After her death Attorney Ogg recorded the deed and gave the trust deed and note to plaintiff James L. Cartwright. Thereafter the note was paid in full to plaintiff and he signed a quitclaim deed on February 26, 1946, on Lot 15 in favor of Alexander B. Cartwright, Jr., and Cecile Cartwright.

After the death of Mary E. Cartwright there was found a document denominated a "gift list" in the nature of a holographic will which was filed with the County Clerk of Los Angeles, October 1, 1947, but never probated. This document signed by Mrs. Cartwright purported to dispose of certain personal property which she owned. Defendant, pursuant to the gift list, distributed the personal property to various persons named therein.

The present action was instituted to set aside the deed to defendant Leona P. Cartwright and to recover the personal property which defendant Leona Cartwright had received under the "gift list." Judgment was entered in favor of defendants.

■ *Questions:* First: *Was there substantial evidence to sustain the trial court's finding that the deed of February 11, 1944, executed by Benjamin and Mary Cartwright was delivered to defendant Leona P. Cartwright?*

This question must be answered in the affirmative. Attorney Ogg testified that after the deed had been executed and accepted by Benjamin and Mary Cartwright, he asked Mrs. Cartwright in the presence of her husband what she wanted him to do with the deed, to which she replied that she wanted him to give it to defendant Leona P. Cartwright. He thereupon handed the deed to said defendant. This constituted substantial evidence to sustain the trial court's finding that the deed was delivered to Leona P. Cartwright.

■ Second: *Did the trial court commit prejudicial error in failing to find upon the issue of whether a confidential relationship existed between decedents and defendant Leona P. Cartwright?*

This question must be answered in the negative. The record is devoid of evidence which would sustain a finding that a confidential relationship existed between defendant Leona P.

Cartwright and decedents pertaining to the deed in question. Hence if the trial court had made a specific finding upon the subject it would have been adverse to plaintiff's contention and therefore the error in failing to make a specific finding was not prejudicial to plaintiff and does not constitute ground for reversal of the judgment. (*Reiniger* v. *Hassell*, 216 Cal. 209, 211 et seq. [13 P.2d 737].)

Third: *Was the trial court's finding that the deeds were executed to defendants or either of them for a good and lawful consideration sustained by the evidence?*

(1) This question as to the first deed executed in favor of Leona P. Cartwright is immaterial for the reason that the deed was a deed of gift and it was not necessary that there be a consideration for the same. (Civ. Code, § 1040.)

(2) There was a valid consideration for the deed granting Lot 15 to Alexander B. Cartwright, Jr., since he signed a note in the sum of $750 which was subsequently paid as consideration for the deed.

(3) The deed covering Lot 14 to Alexander B. Cartwright, Sr., was delivered to him. It was unnecessary to have a consideration for this deed since it was a deed of gift. (Civ. Code, § 1040.)

Fourth: *Did the trial court commit prejudicial error in finding that the deeds were delivered without undue influence upon the part of defendants?*

An examination of the record fails to disclose any evidence which would sustain a finding that defendants or either of them exercised undue influence over the grantors. Therefore the finding was supported by substantial evidence.

Fifth: *Did the trial court err in rejecting plaintiff's offer to prove that defendants failed to summon a doctor during Benjamin Cartwright's last illness?*

This question must also be answered in the negative. Clearly such evidence was immaterial and had no bearing upon the questions before the court.

Sixth: *Did the trial court commit prejudicial error in denying defendants' motion for a nonsuit when it stated that it was not interested in hearing any evidence or argument upon any cause of action excepting that bearing upon the nondelivery of the deeds?*

This question must likewise be answered in the negative. Plaintiff is not in a position to urge error since the trial court ruled in plaintiff's favor on the motion.

■ Seventh: *Was the trial court guilty of misconduct?*
Plaintiff has failed to direct our attention to any statement
or action of the trial judge which might be considered preju-
dicial to plaintiff's cause. Therefore this question must also
be answered in the negative.

■ Eighth: *Did the trial court commit prejudicial error
in failing to give judgment for plaintiff as special adminis-
trator of the estate of Benjamin B. Cartwright for the per-
sonal property of his deceased wife which was distributed par-
tially to defendants without probate of Mary E. Cartwright's
holographic will?*

This question must be answered in the affirmative. The
right to dispose of one's property rests entirely with the state
Legislature, and in the absence of compliance with the legisla-
tive enactment on the subject, property may not be lawfully
distributed to beneficiaries. Since the personal property of
Mrs. Cartwright had been distributed without going through
the formalities of having her estate probated, the parties
receiving the same are accountable to the special administrator
of her estate, and the trial court should have ordered the per-
sonal property or its value delivered to plaintiff as special
administrator of the estate of Mary E. Cartwright.

The judgment is affirmed as to the portions dealing with the
deeds executed by decedents, and reversed as to those portions
dealing with the personal property of decedent Mary E. Cart-
wright, and remanded to the trial court with instructions to
take evidence and make findings as to what personal property
of said decedent if any has come into the possession of defend-
ants or either of them, and if it be determined that any personal
property of decedents came into their possession, to order
that the same or its value be delivered to plaintiff as special
administrator. Each party to bear his own costs on appeal.

Moore, P. J., and Wilson, J., concurred.

The opinion and judgment were modified to read as above
on May 11, 1950. A petition for a rehearing was denied
May 26, 1950, and appellant's petition for a hearing by the
Supreme Court was denied July 6, 1950. Carter, J., voted
for a hearing.