[Civ. No. 7802.   Third Dist.   Jan. 26, 1951.]

Estate of ANGELO MORELLI, Deceased. MARIA MOR-ELLI, Respondent, v. AIDA MORELLI HOOD et al., Appellants.

Eli D. Langert and W. P. Dwyer, Jr., for Appellants.

Leo F. Granucci and Reynolds J. Gualco for Respondent.

DEIRUP, J. pro tem.—On July 18, 1941, Angelo Morelli executed a will by which he left all of his property to the respondent, his widow. He died on March 28, 1947. Respondent was appointed executrix without bonds and proceeded with the administration of the estate. Appellants are four daughters of the testator by a previous marriage. Each of them presented a claim against the estate, based on a promissory note for $500, signed by the testator and payable 10 years after date without interest. All of the claims were rejected. The notes were dated July 18, 1941 (the date of the will), so suits cannot be filed on the claims until July 18, 1951.

On April 21, 1949, the respondent filed an account, report and petition for partial distribution. It appears therefrom that the time for the presentation of claims had expired and that all inheritance taxes and debts and expenses of administration, including the statutory fees of the executrix and her attorney, had been paid excepting the claims of the appellants, amounting to $2,000. The cash in the estate being less than the total charges, the respondent had deposited with herself as executrix $2,448.05 to cover the deficit and leave a balance of $2,000 to cover the claims. She asked for partial distribution of stocks, bonds and securities appraised at $620, and real property appraised at $4,000.

Appellants filed numerous objections. When the matter came on for hearing the trial judge heard the respondent's testimony and, being satisfied that the account was correct and that the appellants would be fully protected by the deposit of a fund in court, announced that he would impound the money for their protection. He refused to permit counsel for appellants to cross-examine the respondent and entered an order by which he allowed the account and granted partial distribution but ordered that the $2,000 balance plus $100 for costs be paid into court. The appellants have appealed from the order except as to the portion thereof requiring the deposit in court of $2,100.

It will be noted that the unpaid debts of the estate amounted to nearly half of the property that remained in the estate but that the respondent, who was entitled to the entire residue, had paid to herself as executrix a sum sufficient to leave a net balance equal to the total claims of the appellants.

We have found no reported case which has dealt with a similar factual situation. We suspect that such situations have often arisen but that creditors, feeling content with the security for the payment of their claims, have not taken appeals.

The title to all of the property that belonged to the testator became vested in the respondent as the sole beneficiary under his will at the moment of his death, subject to the payment of his debts and all the charges against his estate. It is the policy of the law to deliver the specific property into the possession of the heir as soon as this can be done consistently with the payment of the debts and charges. (11A Cal.Jur. 139.) Very often the residuary legatee and devisee, to avoid the sale of specific property, advances enough money to the personal representative to pay debts,

charges and legacies, so that the specific property can be distributed to him.

■ The law also favors the delivery of a legacy or specific property to a legatee, devisee or heir by partial distribution as soon as this can be done without jeopardizing the rights of other persons who are interested in the estate. "It is his property, and he has the right to enjoy the same at the earliest possible moment consistent with the proper administration of the estate." (*Estate of Glenn*, 153 Cal. 77, 80 [94 P. 230].) Application may be made at any time after four months from the issuance of letters. (Prob. Code, § 1000.) If it appears that the estate is "but little indebted," that inheritance taxes have been paid or provided for and that distribution may be made "without loss to the creditors or injury to the estate or any person interested therein, the court shall make an order" distributing the property. The court must require a bond if the time for the presentation of claims has not expired, but after that time it may dispense with the bond if there is sufficient security left in the estate. (Prob. Code, § 1001.)

■ The expression "but little indebted" is a relative term. Though the debts may, in the aggregate, amount to a large sum the creditors cannot prevent partial distribution if enough assets remain in the estate to render them secure. (*Estate of Hinkel*, 176 Cal. 563 [169 P. 70].) "An estate is little indebted when the amount of the estate, over and above the debts, is sufficient to allow the distribution to be made without danger to creditors." (*Estate of Fields*, 94 Cal.App. 2d 233, 237 [210 P.2d 247].) Where a fund is deposited in court out of which the claims, if valid, will be paid, there is no danger to the creditors. The question whether the sum of $2,100 ordered by the trial court to be impounded is sufficient to protect the appellants fully is not before us. In their objections the appellants asked the court to impound the sum of $2,000. They did not object at the hearing to the impounding of that sum plus $100 for costs, and in their notice of appeal they except the portion of the order which provides for the deposit of $2,100 in court.

■ One of the grounds of opposition to the petition is that the appellants were informed and believed that the real property was devised to the respondent upon her agreement to hold it in trust for the use and benefit of the appellants and that therefore it should be held in the estate and finally distributed to respondent impressed with the trust. But

such a trust can only be established in a civil action (*Sears v. Rule*, 27 Cal.2d 131 [163 P.2d 443]), and the distribution of an estate should not be delayed upon the mere suggestion that a civil action might be brought. (*Estate of King*, 199 Cal. 113 [248 P. 519].)

Counsel complains bitterly about the refusal of the trial judge to permit him to cross-examine the respondent and cites cases to the effect that the right to cross-examine is inviolate. What he desired to cross-examine her about does not appear in the record. If it was in respect to the alleged constructive trust every question that he might have asked would have been subject to objection, for cross-examination is never permissible if it does not bear upon an issue before the court. If it had reference only to the account it would have been permissible only to show that there were less assets than the respondent had accounted for or more debts than had been shown, and then only in order to prove that distribution could not be made without danger to appellants. For they were before the court only as creditors; though they were in fact heirs at law, they had been disinherited in the will. Inasmuch as their claims were protected by the deposit in court any refusal by the trial judge to permit them to inquire into the administration of the estate could not have been prejudicial to any of their rights.

Counsel for appellants contends that the allegations in the petition for partial distribution are insufficient and that the trial court did not find the necessary facts. The true situation is set out in the petition; if there was any objection to the form it should have been raised in the trial court. In its order the trial court found all of the allegations in the petition to be true. There can therefore be no objection to the sufficiency of the findings.

The order is affirmed, respondent to recover her costs on appeal.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied February 23, 1951, and appellants' petition for a hearing by the Supreme Court was denied March 26, 1951.